

IN THE UNITED STATES DISTRICT COURT
FOR THE ~~WESTERN~~ *Eastern* DISTRICT OF PENNSYLVANIA

PETITION FOR WRIT OF HABEAS CORPUS
(28 U.S.C. §2254 - PERSONS IN STATE CUSTODY)

_____James Kelly_____, PETITIONER
(Full name) (Include name under which you were convicted)

vs.　　　CASE NO. 08-cv-1073
　　　(Supplied by the Court)

_____Gerald L. Rozum_____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

and

THE DISTRICT ATTORNEY OF THE COUNTY OF ___Philadelphia___

and

THE ATTORNEY GENERAL OF THE STATE OF Pennsylvania
　　　　　　　　　　　　　　　　ADDITIONAL RESPONDENT

| James Kelly | DB-5777 |
|---|---|
| Name | Prison Number |

SCI-Somerset • 1600 Walters Mill Road • Somerset, PA 15510
Place of Confinement

(If petitioner is attacking a state court judgment which imposed a sentence to be served in the _future_, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the _future_ under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment. DO NOT USE THIS FORM FOR §2255 PURPOSES.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**INSTRUCTIONS - READ CAREFULLY**

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact in this petition or in a motion for leave to proceed in forma pauperis may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. It is important that the docket number of the case under review is correctly stated. Where more room is needed to answer any question, use reverse side of form.

(2) Additional pages are not permitted. No citation of authorities need be furnished.

(3) Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the accompanying Motion and Declaration, setting forth information establishing your inability to prepay the fee and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal insti-tution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the insti-tution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) You can file only one habeas corpus petition in federal court challenging a specific conviction or sentence. You must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) Similarly, you should be careful to state specifically, in question 13, all the facts that support all the grounds for relief that you are claiming. Because of the one-year statute of limitations you may not have the chance to amend your petition to plead new or additional facts. And even if the court grants you permission to amend to plead additional facts, you may not be allowed to make any amendments that introduce a new ground or a new claim or a new theory into the case. So you must state all your grounds for relief and all the facts that support them in this petition.

(8) The law requires that as to all issues which you seek to raise in the federal district court you must first have exhausted all available state court remedies. This means that if you are a

Pennsylvania prisoner, it is likely that every issue which you seek to raise in this court, must have been unsuccessfully presented to the Superior Court of Pennsylvania, and to the Supreme Court of Pennsylvania in a petition for allowance of appeal, or else have been presented directly to the Pennsylvania Supreme Court.

(9) There is a one-year statute of limitations for filing petitions pursuant to 28 U.S.C. §2254. This means that except for time your case has been under review in the courts, you have only one year from the date on which your conviction becomes final to file a habeas corpus petition.

(10) Federal courts <u>must</u> dismiss claims in a second or successive petition that <u>were</u> presented in a prior petition that was considered on its merits.

(11) Federal courts must dismiss claims in a second or successive petition that <u>were</u> <u>not</u> presented in a prior petition unless:
   (a) the claim relies on a new rule of constitu-tional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (b) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a <u>prima facie</u> showing that it satisfies either (a) or (b) above.

This means that -- because you will generally be allowed only one petition -- you must consider whether you want to file now, or wait until all available state court remedies have been exhausted as to all the federal constitutional claims you want to assert, so that they may all be presented.

(12) Ineffectiveness of counsel during post-trial proceedings in state court shall not be grounds for relief under 28 U.S.C. §2254.

(13) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(14) When the petition is fully completed, the original and four copies must be mailed to:

Clerk
U.S. District Court
P. O. ~~Box 1805~~
Pi~~tt~~sburgh, PA ~~15~~230

## PETITION

1. Name and location of court which entered the judgment under attack: <u>Court of Common Pleas · First Judicial District of Pennsylvania · Philadelphia County</u>
2. Criminal Docket Number: <u>C.P. No. 9510-1162</u>
3. Date of imposition of sentence: <u>08/21/1996</u>
4. Length of sentence: <u>Life without parole</u>
5. Nature of offense or offenses for which you were convicted: <u>First Degree Murder / Criminal Conspiracy</u>
6. What was your plea? (Check one) Not Guilty (X) Guilty ( ) Nolo Contendere ( )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: <u>N/A</u>

7. If you were found guilty after a plea of not guilty, check whether finding was made by: Jury (X) Judge only ( )
8. Did you testify at the trial? Yes ( ) No (X)
9. Did you appeal from the judgment of conviction? Yes (X) No ( )
10. If you did appeal, answer the following:
    (a) First Appeal
        (1) Name of Court: <u>** See Page 5a attached **</u>
        (2) Docket Number: <u>N/A</u>
        (3) Result: <u>N/A</u>
        (4) Citation (If known): <u>N/A</u>
    (b) Second Appeal
        (1) Name of Court: <u>N/A</u>

RESPONSE TO QUESTION 10

06/05/1998   Appeal

        Court: Pennsylvania Superior Court

        Docket No. 1799 PH 1998

        Result: Remanded

12/30/1999   Appeal

        Court: Pennsylvania Superior Court

        Docket No. 0152 EDA 2000

        Result: Denied

09/21/2000   Petition for Allowance of Appeal

        Court: Pennsylvania Supreme Court

        Docket No. 579 EAL 2000

        Result: Denied

02/25/2003   Appeal

        Court: Pennsylvania Superior Court

        Docket No. 755 EDA 2003

        Result: Denied

01/16/2007   Petition for Allowance of Appeal

        Court: Pennsylvania Supreme Court

        Docket No. 221 EAL 2007

        Result: Denied

\*\*   No Petition for Certiorari has been filed with the United States Supreme Court.

(2) Docket Number: _____N/A_____
(3) Result: _____N/A_____
(4) Citation (If known): _____N/A_____
(c) If you filed a petition for certiorari in the United States Supreme Court, give details: _____

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, appli-cations, or motions with respect to this judgment in any court, state or federal, including petitions under the Post Conviction Hearing Act? Yes (X) No ( )

12. If your answer is "Yes" to 11, give the following information:
    (1) Name of court: __** See page 6a attached **__
    (2) Nature of proceeding: _____N/A_____
    (3) Grounds raised: _____N/A_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
    (5) Result: _____ Date: _____
(b) As to any second petition, application or motion give the same information:
    (1) Name of Court: __** See page 6a attached **__
    (2) Nature of Proceeding: _____N/A_____
    (3) Grounds raised: _____N/A_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
    (5) Result: _____ Date: _____

RESPONSE TO QUESTION 12

06/30/1997  Petition for Post-Conviction Relief.

   (1) Court: Common Pleas (Philadelphia)

   (2) Grounds Raised: Requesting leave to file post-sentence motions and for appeal nunc pro tunc.

   (3) Evidentiary Hearing: No

   (4) Result: Petition Granted.

01/16/1998  Post-Sentence Motions for Judgment of Acquittal, Arrest of Judgment, and New Trial.

   (1) Court: Common Pleas (Philadelphia)

   (2) Grounds Raised: Verdict was against the weight the evidence, evidence was insufficient, inconsistent verdict, and ineffective assistance of trial counsel.

   (3) Evidentiary Hearing: No

   (4) Result: Denied by operation of law on May 27, 1998.

09/26/2001  Petition for Post-Conviction Relief.

   (1) Court: Common Pleas (Philadelphia)

   (2) Grounds Raised: Ineffectiveness assistance of trial counsel x 4, prosecutorial misconduct via a Brady violation x1, ineffective assistance of direct appeal counsel.

   (3) Evidentiary Hearing: No

   (4) Result: Denied on February 19, 2003.

- 6a -

(c) As to any third petition, application or motion give the same information:
  (1) Name of Court: __** See page 6a **__
  (2) Nature of Proceeding: _____N/A_____
  (3) Grounds raised: _____N/A_____
  _____
  _____
  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No ( )
  (5) Result: _____ Date: _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action on any petition, application or motion:
  (1) First petition, etc.:  Yes ( )  No (X)
  (2) Second petition, etc.: Yes (X)  No ( )
  (3) Third petition, etc.:  Yes (X)  No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not? _____N/A_____
_____
_____

13. State concisely every ground on which you claim that you are being held unlawfully. State specifically the facts support-ing each ground. You should raise in this petition all available grounds (relating to this conviction) on which you are being held in custody unlawfully, and you should state all the facts sufficient to support each ground. DO SO NOW; because of recent changes in the law you may not be given an opportunity to amend your petition later (See instructions, number 7.).
Grounds: _____
_____
_____
- 7 -

I    The evidence was insufficient to sustain the conviction for the crimes charged.

II    The verdict was against the weight of the evidence.

III    Trial counsel was ineffective for failing to fully, thoroughly, and competently conduct an investigation concerning the crimes charged for which the Petitioner was charged; more specifically. but not limited to, failing to interview witnesses (who had seen the murderer(s) before the shooting and later run from the scene) despite being told of their existence by his investigator.

IV    Trial counsel was ineffective for failing to divulge the existence of eyewitnesses prior to the conclusion of trial and also for failing to call the witnesses at trial even though these witnesses would have testified neither of the two men who fled from the shooting were the Petitioner.

V    Trial counsel was ineffective for failing to competently investigate a viable alibi defense and failed to file the requisite alibi notice as required by the Pennsylvania Rules of Criminal Procedure; moreover, counsel not only failed to call the alibi witness(es) at trial, but told the alibi witness(es) to leave the courthouse without first obtaining the Petitioner's approval.

VI    Trial counsel was ineffective for failing to notify the Petitioner that he had neglected to file the alibi notice and the consequences thereof, thus preventing the Petitioner from making a knowing and intelligent waiver of such defense.

VII    Trial counsel was ineffective for failing to present an opening address to the jury during the trial despite the fact that the Petitioner had distinct alibi and misidentification defenses which differed from the co-defendant.

VIII    Trial counsel was ineffective for failing to object to the prosecutor's closing address and also for failing to request a mistrial and/or cautionary instructions to the comment by the prosecutor which shifted the burdon of proof to the Petitioner to present evidence or call witnesses during trial.

IX      Trial counsel was ineffective for failing to object to the court's charge to the jury that it could consider any prior inconsistent statement of a witness as substantive evidence.

X       The verdict against the Petitioner was so inconsistent evidencing the jury's confusion over the charges in the finding of not guilty of possessing instruments of crime precluded the Petitioner from being found guilty of the homicide, or any other charges, since if he never possessed the gun, he could have never passed it to the co-defendant.

XI      Trial counsel was ineffective for failing to move in limine to preclude evidence of alleged pressuring of witnesses that was not attributed to him.

XII     Trial counsel was ineffective for failing to object to the court's jury instruction on accomplice liability, which permitted a conviction even in the absence of proof that the appellant himself possessed the specific intent to kill.

XIII    Trial counsel was ineffective for failing to secure character witnesses.

XIV     Trial counsel was ineffective when he knew that the brother of the deceased was told by eyewitness Ernestine Williams that "Boochie" and not the Petitioner was the murderer, failed to request discovery and otherwise investigate "Boochie" and establish his identity or confront Ms. Williams with this prior statement of identification.

XV      To the extent that the prosecution was aware that "Boochie" was an alternative suspect and had in its files [including police department files] the full name and criminal background of "Boochie", and failed to disclose the same, Petitioner was deprived of his rights to Due Process of law and disclosure of exculpatory evidence under Brady v. Maryland and its progeny.

XVI     Direct appeal counsel was ineffective for failing to raise the legal issues identified in XIV and XV, above, and further when he failed to challenge the lack of specific intent to kill or preserve he sufficiency of the evidence claim by seeking allowance of appeal on that claim from the Supreme Court.

XVII    Trial counsel was ineffective when he interfered with the Petitioner's right to testify on his own behalf by erroneously advising the Petitioner that if he testified his criminal record could be used to impeach his credibility.

XVIII  Post-Conviction Relief Act ("PCRA") counsel was ineffective for failing to raise the ineffectiveness of all prior counsel for waiving Petitioner's claim of the prosecutions prejudicial admission of irrelevant and testimony linking the crime to drugs when no such evidence was introduced at trial.

XIX  PCRA Counsel was ineffective for failing to raise the ineffectiveness of all prior counsel for failing to preserve the Petitioner's claim that he was prejudiced by the jury being shown a mug-shot of him that was from a prior arrest.

XX  PCRA Counsel was ineffective for failing to raise the ineffectiveness of all prior counsel for failing to preserve the Petitioner's claim that an in-court identification was prejudicial and lacked independent basis and the trial court's incomplete <u>Kloiber</u> instruction.

XXI  PCRA Counsel was ineffective for failing to raise the ineffectiveness of all prior counsel for failing to preserve the Petitioner's claim that first appellate counsel was ineffective for inadequately questioning trial counsel at the direct appeal evidentiary hearing and not objecting to the prosecutor's improper examination of Petitioner and his witnesses and the trial trial court's deviation from its mandated function.

XXII  The PCRA Court erred by holding that no evidentiary hearing was necessary to resolve the claims raised in the PCRA petition.

14. If any of the grounds listed were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not present-ing them: _____N/A_____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: __** See page 8a attached **__
    (b) At arraignment and plea: _____"_____"_____
    (c) At trial: _____"_____"_____
    (d) At sentencing: _____"_____"_____
    (e) On appeal: _____"_____"_____
    (f) In any post-conviction proceeding: _____"_____"_____
    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____"_____"_____

17. Were you sentenced on more than one count of any indictment, or more than one indictment, in the same court and at the same time: Yes (X) No ( )

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (X)
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____N/A_____

- 8 -

RESPONSE TO QUESTION 16

** ALL ADDRESSES ARE LAST KNOWN **

PRELIMINARY HEARING & ARRAIGNMENT

Andrew G. Gay, Esquire
Pennsylvania Supreme Court No. 02425
1731 Spring Garden Street
Philadelphia, PA 19130

TRIAL & SENTENCING

Geoffrey V. Seay, Esquire
1315 Walnut Street, Suite 732
Philadelphia, PA 19107
Ph. 215-545-7778

FIRST PCRA PETITION, POST-TRIAL MOTIONS, & DIRECT APPEAL

Randolph L. Goldman, Esquire
Pennsylvania Supreme Court No. 23307
1422 Chestnut Street, Suite 701
Philadelphia, PA 19102
Ph. 215-636-0303

SECOND PCRA PETITION & BEGINNING OF PCRA APPEAL

Jules Epstein, Esquire
Pennsylvania Supreme Court No. 28569
The Cast Iron Building
Suite 501 - South
718 Arch Street
Philadelphia, PA 19106
Ph. 215-925-4400

END OF PCRA APPEAL

James Kelly, Pro Se

(b) And give date and length of sentence to be served in the future: _____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( )   No (X)

Wherefore, petition prays that the court grant petitioner relief to which he may be entitled in this proceeding.

Executed at: __Somerset, Somerset, Pennsylvania__
             (City, County, State)

I, __James Kelly__ declare under penalty of perjury that the foregoing is true and correct.

Executed on: __2-27-02__
             (Date)

_____
(Signature of Petitioner)
James Kelly
No. DB-5777
SCI-Somerset
1600 Walters Mill Rd.
Somerset, PA 15510

(NOTE: No Notary Certification Required)