IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254
(eff. 12/1/04)

James Kelly
_____ PETITIONER
(Full Name)      (Include name under which you were convicted)

                                        vs.         Case No. 08-cv-1073 GP
                                                    (Supplied by the Court)

Gerald L. Rozum
_____ RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)
                                        and
THE DISTRICT ATTORNEY OF THE COUNTY OF___Philadelphia_____
                                        and
THE ATTORNEY GENERAL OF THE STATE OF _____Pennsylvania_____
                                                    ADDITIONAL RESPONDENT

James Kelly                                         DB-5777
Name                                                Prison Number

SCI-Somerset · 1600 Walters Mill Road · Somerset, PA 15510
Place of Confinement

**(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)**

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS–READ CAREFULLY

1. You must include all potential claims and supporting facts for which you might desire to seek review because a second or successive habeas corpus petition cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals as set forth in instruction # 13.

2. Your Habeas corpus petition must be filed within the 1 – year statute of limitations time limit set forth in 28 U.S.C. §2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of

Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir.2000.)

3. Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4. This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner or by your representative on Page 11. You should answer all questions concisely in the proper space of the petition. If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5. You may not attach additional pages to the petition. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6. When you file your petition, you must include a filing fee of $5.00. If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction # 8.

7. Your petition will be filed if you have followed these instructions and it is in proper order.

8. To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages 12 through 18 of the petition. You should answer all questions and sign where indicated on Pages 12 and 18. You should see to it that an authorized prison official completes the certification of Page 19. You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are present, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if

you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

(i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable,
or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.
You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was* presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was not* presented in a prior habeas corpus petition unless you show:

(A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable;
or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.
Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the original and four copies must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** You must return all pages, including these instructions.

**PETITION**

1. (a) Name and location of court which entered the judgment of conviction under attack: _____

   Court of Common Pleas · Philadelphia, Pennsylvania
   _____

   (b) Name of Prosecutor: ____ Richard Sax _____

   (c) Prosecution conducted by District Attorney's Office of ___ Philadelphia _____
   County

2. (a) Date of Judgment of conviction: _____ August 21, 1996 _____

   (b) Indictment number or numbers: _____ C.P. No. 9510-1162 _____

   Term: October, 1995 _____ Criminal Case Number: ___ 1162 _____

3. Length of sentence: Life, No Parole _____ Sentencing Judge: __ James A. Lineberger

4. Nature of offense or offenses for which you were convicted: First Degree Murder
   _____

   (18 Pa.C.S. § 2502(a)); Criminal Conspiracy (18 Pa.C.S. § 903).
   _____ _____

   _____ _____

5. What was your plea? (Check one)
   (a) Not guilty (x)     (b) Guilty ( )     (c) Nolo contendere ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   indictment, give details: _____

   _____ N/A _____

   _____

6. **If you pleaded not guilty**, what kind of trial?: (Check one)     (a) Jury (X)     (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (X)

8. Did you appeal from the judgment of conviction?     Yes (X)     No ( )

9. If you did appeal, answer the following:

(a) Name of court: __** SEE PAGES 5a, 5b, 5c & 5d, ATTACHED **__

(b) Result: _____" _____" _____

(c) Date of result and citation, if known: _____" _____" _____

(d) Grounds raised: _____" _____" _____

_____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1)  Name of court: _____" _____" _____

   (2)  Result: _____" _____" _____

   (3)  Date of result and citation, if known: _____" _____" _____

   (4)  Grounds raised: _____" _____" _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1)  Name of court: _____" _____" _____

   (2)  Result: _____" _____" _____

   (3)  Date of result and citation, if known: _____" _____" _____

   (4)  Grounds raised: _____" _____" _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?   Yes (X)  No ( )

11. If your answer to 10 was "yes," give the following information:

   (a) (1)  Name of Court: __** SEE PAGES 5a, 5b, 5c & 5d, ATTACHED **__

       (2)  Nature of proceeding: _____" _____" _____

_____

RESPONSES TO QUESTIONS 9 and 11

(NOTE: Because of the unusual and lengthy history of this case, all information requested in the above questions is set forth herein so that the reader can see the exact sequence of events without having to flip back and forth between numerous pages. The information herein lists all filings that occurred after the Petitioner was sentenced on August 21, 1996.)


06/30/1997   Petition for post Conviction Relief

     COURT: Court of Common Pleas for Philadelphia County ·
          First Judicial District of Pennsylvania · 1301
          Filbert Street · Philadelphia, PA 19107

     DOCKET NUMBER: C.P. 9510-1162

     GROUNDS RAISED: Request to file post-sentence motions and
               appeal nunc pro tunc.

     EVIDENTIARY HEARING: Yes, on 01/08/1998

     RESULT: Granted on 01/23/1998

     APPEALED TO HIGHER COURT: No


01/16/1998   Post-Sentence Motions

     COURT: Court of Common Pleas for Philadelphia County ·
          First Judicial District of Pennsylvania · 1301
          Filbert Street · Philadelphia, PA 19107

     DOCKET NUMBER: C.P. 9510-1162

     GROUNDS RAISED: Verdict was against the weight of the
               evidence; Evidence was insufficient to
               sustain verdict; Verdict was inconsistent;
               and Trial counsel was ineffective.

     EVIDENTIARY HEARING: No

     RESULT: Denied by operation of law on 05/27/1998

     APPEALED TO HIGHER COURT: Yes (Information follows)


06/05/1998   Appeal of denial of post-sentence motions

     COURT: Superior Court of Pennsylvania · 530 Walnut Street ·
          Suite 315 · Philadelphia, PA 19106

DOCKET NUMBER: 1799 Philadelphia 1998

GROUNDS RAISED: Evidence was insufficient to sustain
conviction; Verdict was against the weight
of the evidence; ineffectiveness of trial
counsel; improper governmental
interference; and Inconsistent verdict.

EVIDENTIARY HEARING: Not applicable

RESULT: Denied in part, remanded in part, on 07/09/1999.

APPEALED TO HIGHER COURT: No


12/06/1999 & 12/07/1999   Remand Hearings

COURT: Court of Common Pleas for Philadelphia County ·
First Judicial District of Pennsylvania · 1301
Filbert Street · Philadelphia, PA 19107

DOCKET NUMBER: C.P. 9510-1162

GROUNDS RAISED: Ineffectiveness assistance of trial counsel

EVIDENTIARY HEARING: Yes

RESULT: Denied on 12/07/1999

APPEALED TO HIGHER COURT: Yes (information follows)


12/30/1999   Appeal of denial of remanded issues

COURT: Superior Court of Pennsylvania · 530 Walnut Street ·
Suite 315 · Philadelphia, PA 19106

DOCKET NUMBER: 152 EDA 2000

GROUNDS RAISED: Ineffectiveness of trial counsel

EVIDENTIARY HEARING: Not applicable

RESULT: Denied on 08/24/2000

APPEALED TO HIGHER COURT: Yes (information follows)


09/21/2000   Petition for Allowance of Appeal

COURT: Pennsylvania Supreme Court

DOCKET NUMBER: 579 EAL 2000

GROUNDS RAISED: Superior Court's denial of 152 EDA 2000

- 5b -

EVIDENTIARY HEARING: Not Applicable

RESULT: Denied on 02/09/2001

APPEALED TO HIGHER COURT: No


09/26/2001  Petition for post Conviction Relief

    COURT: Court of Common Pleas for Philadelphia County ·
       First Judicial District of Pennsylvania · 1301
       Filbert Street · Philadelphia, PA 19107

    DOCKET NUMBER: C.P. 9510-1162

    GROUNDS RAISED: Ineffectiveness of trial counsel;
       Prosecutorial misconduct via Brady
       violation; and Ineffectiveness of direct
       appeal counsel.

    EVIDENTIARY HEARING: No

    RESULT: Denied on 02/19/2003

    APPEALED TO HIGHER COURT: Yes (information follows)


02/25/2003  Appeal

    COURT: Superior Court of Pennsylvania · 530 Walnut Street ·
       Suite 315 · Philadelphia, PA 19106

    DOCKET NUMBER: 755 EDA 2003

    GROUNDS RAISED: Ineffectiveness of PCRA counsel; Erroneous
       rulings of PCRA Court

    EVIDENTIARY HEARING: Not Applicable

    RESULT: Denied on 12/18/2006 with Judge Ford-Elliot
       dissenting

    APPEALED TO HIGHER COURT: Yes (information follows)


04/20/2007  Petition for Allowance of Appeal

    COURT: Pennsylvania Supreme Court

    DOCKET NUMBER: 221 EAL 2007

    GROUNDS RAISED: Superior Court's denial of 755 EDA 2003

    EVIDENTIARY HEARING: Not Applicable

RESULT: Denied on 10/26/2007

APPEALED TO HIGHER COURT: No

**** There has never been an appeal to the United States Supreme Court.

(3) Grounds raised:_____ ** SEE PAGES 5a, 5b & 5c, ATTACHED ** _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5) Result:_____  "  _____  "  _____

(6) Date of result: _____  "  _____  "  _____

(7) Did you appeal the result to a higher court?  Yes ( )  No ( )

Court Name(s) _____  "  _____  "  _____

Result(s) _____  "  _____  "  _____

Result Date(s) _____  "  _____  "  _____

(b) As to any second petition, application or motion give the same information:

(1) Name of Court:_____  "  _____  "  _____

(2) Nature of proceeding:_____  "  _____  "  _____

(3) Grounds raised: _____  "  _____  "  _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5) Result:

_____  "  _____  "  _____

_____

(6) Date of result: ____ ** SEE PAGES 5a, 5b & 5c, ATTACHED **

(7) Did you appeal the result to a higher court?   Yes ( )  No ( )

Court Name(s) _____ " _____ " _____

Result(s) _____ " _____ " _____

Result Date(s) _____ " _____ " _____

(c)   As to any <u>third petition</u>, application or motion give the same information:

(1) Name of Court:_____ " _____ " _____

(2) Nature of proceeding:_____ " _____ " _____

(3) Grounds raised: _____ " _____ " _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5) Result:

_____ " _____ " _____

_____

(6) Date of result: _____ " _____ " _____

(7) Did you appeal the result to a higher court?      Yes ( )  No ( )

Court Name(s) _____ " _____ " _____

Result(s) _____ " _____ " _____

Result Date(s) _____ " _____ " _____

7

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

N/A

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground.

*CAUTION:* In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date. For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one: ** SEE PAGES 9a, 9b, 9c, 9d, 9e & 9f, ATTACHED **
_____

_____

Supporting FACTS (state *briefly* without citing cases or law):
              "                 "
_____

_____

_____

B.  Ground two: _____"_____"_____

_____

Supporting FACTS (state *briefly* without citing cases or law):
              "                 "
_____

_____

_____

C.  Ground three: _____"_____"_____

_____

Supporting FACTS (state *briefly* without citing cases or law):
              "                 "
_____

_____

_____

D.  Ground four:_____"_____"_____

_____

Supporting FACTS (state *briefly* without citing cases or law):
              "                 "
_____

GROUND 1: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
         EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
    Trial counsel's investigator supplied him with the names
    and statement summaries of three alibi witnesses who would
    have testified that the Petitioner was with them at the
    time the crime was being committed. He also supplied him
    with the names of two witnesses who saw the men running
    from the scene of the crime and would have testified that
    neither of the men they saw were the Petitioner. Trial
    counsel advised his investigator that he was not going to
    do any more work on the case until he got paid all his
    money. Trial Counsel never filed an alibi notice, and never
    called any of the alibi witnesses or eyewitnesses that were
    provided to him by his investigator.

GROUND 2: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
         EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
    Trial counsel failed to secure character witnesses. Proof
    of good character is substantive evidence that, in and of
    itself, can preclude a finding that guilt has been
    established beyond a reasonable doubt and therefore warrant
    the entry of a verdict of "not guilty" by a fact-finder.

GROUND 3: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
         EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
    Trial counsel failed to move to preclude evidence of
    alleged witness tampering that was not attributable to
    Petitioner.

GROUND 4: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
         EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
    Trial counsel failed to object to the Court's jury
    instruction on accomplice liability, which permitted a
    conviction even in the absence of proof that the Petitioner
    himself possessed the specific intent to kill.

GROUND 5: VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE
    The Commonwealth's sole eyewitness, Ernestine Williams, was
    admittedly using crack-cocaine at the time of the incident
    and has given multiple stories as to what, if anything, she
    saw. These stories include, but are not limited to, (1) she
    didn't see anything, (2) that the police showed her a 8-1/2
    x 11 photo of the Petitioner, by itself, which was how she
    was then able to identify him, (3) that it wasn't the
    Petitioner and she doesn't know why the police arrested
    him, and (4) that she didn't know what the Petitioner
    handed to the shooter but that the police told her it was a
    gun, which she agreed with. The Commonwealth also presented
    another witness, Colie Baxter, who was not able to identify
    the Petitioner's photo, yet came into court 3-1/2 years
    later and made an in-court identification.

GROUND 6: EVIDENCE WAS INSUFFICIENT TO SUSTAIN CONVICTION
    The supporting facts listed in Ground-5, above, are hereby
    incorporated by reference and made the facts in support of
    Ground-6.

GROUND 7: VERDICT WAS IMPERMISSIBLY INCONSISTENT
    In the present case, the entire theory of culpability
    rested on the Petitioner passing the murder weapon to the
    co-defendant immediately before the shooting. No evidence
    was ever produced to show what, if anything, was passed.
    The jury's verdict was based entirely on speculation and
    mere guessing.

GROUND 8: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
    EFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL
    Direct appeal counsel failed to raise the issues of (1)
    trial counsel's failure to move to preclude evidence of
    alleged witness tampering, (2) trial counsel's failure to
    object to Court's erroneous charge on accomplice liability,
    (3) trial counsel's failure to secure character witnesses.

GROUND 9: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
    EFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL
    Direct appeal counsel was ineffective for failing to
    preserve the sufficiency of the evidence claim by not
    seeking allowance of appeal from the Supreme Court of
    Pennsylvania.

GROUND 10: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
    EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
    Trial counsel failed to challenge the affidavit of probable
    cause in the arrest warrant, when the only statement made
    therein that linked the Petitioner to any crime was a
    proven fabrication on the part of the police.

GROUND 11: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
    EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
    Trial counsel, who knew that the brother of the deceased
    was told by eyewitness Ernestine Williams that "Boochie"
    "Tommy" and "Kendall" (not the Petitioner) were responsible
    for the murder, failed to request discovery and otherwise
    investigate the other individuals and establish their
    identity or confront Ms. Williams with this prior statement
    of identification.

GROUND 12: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
    EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
    Trial counsel failed to inform the Petitioner regarding an
    alibi defense and that he failed to file the requisite
    notice with the Court. Furthermore, trial counsel failed to
    inform the Petitioner that his investigator located two
    eyewitnesses who were willing to testify that they saw the
    individuals involved in the crime and that they are

positive the Petitioner was not one of them. This caused the Petitioner to tell the Court that he didn't have any witnesses that he wanted to call when the Court suspiciously gave the Petitioner a colloquy on that topic.

GROUND 13: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
   EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
   Trial counsel, after reserving his opening statement until the close of the Commonwealth's case, failed to give it.

GROUND 14: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
   EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
   Trial counsel failed to object to the prosecutor's closing address and failed to request a mistrial and/or cautionary instruction to the comment by the prosecutor which shifted the burden of proof to the Petitioner to present evidence or call witnesses during the trial.

GROUND 15: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
   EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
   Trial counsel failed to realize that the police and/or prosecutor were withholding evidence. The discovery which was provided to the defense is void of any police investigation reports that detail the progress of the investigation that was ongoing for more than 2-1/2 years before the Petitioner was arrested. Statements by the Commonwealth's witness that the police told her that they heard that she was being paid to put the blame on the Petitioner, and that the shooter was somebody named "Tommy", supports this. It is also noted that this same witness told another witness that a "Tommy" was involved. The Police clearly had information that people other than the Petitioner were responsible and failed to turn it over. Trial counsel should have recognized this.

GROUND 16: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL BY THE UNCONSTITUTIONAL DENIAL OF
   EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
   Trial counsel erroneously advised Petitioner that if he testified his criminal history would be used to impeach his credibility.

GROUND 17: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
   EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
   Trial counsel was ineffective for failing to preclude the in-court identification of the Petitioner by witness Colie Baxter. In the alternative, counsel should have moved for a mistrial when such identification was made.

GROUND 18: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
   EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
   Trial counsel failed to realize that the police and/or prosecutor were withholding evidence when they failed to disclose that Colie Baxter was previously shown a

photograph of the Petitioner and was not able to identify him. According to police, Ernestine Williams identified the photo's of Larry Mullins and the Petitioner on 09/15/1993. Approximately 28 days later, the police showed Colie Baxter some photographs to see if he could identify anyone. Colie Baxter was only able to identify Larry Mullins. It is beyond belief that the police would not have showed Colie Baxter photograph's of the Petitioner along with that of Larry Mullins. Counsel should have realized this and filed the appropriate motions.

GROUND 19: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
Trial counsel failed to suppress the identification of the Petitioner made by witness Ernestine Williams when Ms. Willliams stated that the Petitioner's picture was not shown with other photograph's but that "it was just one big picture, it was a large picture like it was xeroxed". Ms. Williams testimony clearly raises questions as to the suggestiveness involved in identifying the Petitioner and counsel should have filed a motion to suppress that identification.

GROUND 20: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
Trial counsel failed to file a motion to declare Ernestine Williams incompetent to testify under Pennsylvania Rule of Evidence 601. Ms. Williams admitted that she was smoking crack cocaine and drinking on the day when the crime that she supposedly saw occurred and since that time has given more than half a dozen completely different versions of what happened and who was involved.

GROUND 21: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE
On the day of the shooting, the police were told by a Tamika Ledbetter that the deceased was responsible for "Terry" and "Curt" being shot in the back two months prior to his death. Although this statement was given to the police long before they had any suspects, there was no documents turned over to the defense that show what, if anything, they uncovered when they investigated the information.

GROUND 22: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE
On the day of the shooting, the police were advised by Solomon Jordan that the deceased had disagreements with the Curry family after Wayne Curry got killed. Although this statement was given to the police long before they had any suspects, there was no documents turned over to the defense

that show what, if anything, they uncovered when they investigated the information.

GROUND 23: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE

Ernestine Williams stated that the police told her that they heard that she was being paid to put the blame on the Petitioner, and that they heard that the shooter was somebody named "Tommy". However, no documents were turned over to the defense to show where or how the police obtained this information.

GROUND 24: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE

The police failed to disclose that Colie Baxter was previously shown a photograph of the Petitioner and was not able to identify him. According to police, Ernestine Williams identified the photo's of Larry Mullins and the Petitioner on 09/15/1993. Approximately 28 days later, the police showed Colie Baxter some photographs to see if he could identify anyone. Colie Baxter was only able to identify Larry Mullins. It is beyond belief that the police would not have showed Colie Baxter photograph's of the Petitioner along with that of Larry Mullins.

GROUND 25: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE

The prosecution failed to turn over any investigative reports that documented how the police investigation was going during the more than 2-1/2 years that they had not made any arrests. These documents are prepared in all homicide cases, also known as Activity Sheets, and in this case absolutely none were turned over. This fact is all the more unusual when there are witnesses, described above, who are stating that they told the police about other possible suspects and that the police are telling them that received information from such and such a source.

GROUND 26: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE

Police Officer Mark Alston stated that he located eyewitness Corey Braxton and transported him to the homicide division. No information of any kind was ever turned over to the defense regarding what exactly this witness told the police. It is not believable that the police would have decided to not take a statement from him.

GROUND 27: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF EFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL

Direct appeal counsel was ineffective when he failed to
realize that the Superior Court erred when they refused to
review the "weight of the evidence" claim because they
didn't believe that it was properly raised in the first
instance via a post-sentence motion. In fact, the claim was
properly raised in the post-sentence motion, as it was
number one.

GROUND 28: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL DENIAL OF
EFFECTIVE ASSISTANCE OF POST CONVICTION RELIEF COUNSEL
Post Conviction Relief counsel was ineffective when he
failed to realize that the direct appeal counsel erred by
not realizing that the Superior Court erred when they
refused to review the "weight of the evidence" claim
because they didn't believe that it was properly raised in
the first instance via a post-sentence motion. In fact, the
claim was properly raised in the post-sentence motion, as
it was number one.

GROUND 29: UNCONSTITUTIONAL DENIAL OF A FAIR TRIAL DUE TO
JUDICIAL MISCONDUCT
The trial court erred by not recusing himself from the case
when he found out that the trial attorney for the
Petitioner, and son of his long-time friend and former
employer, who is rumored to be his god-son, and is now his
employer, failed to file an alibi notice and otherwise
procure witnesses on behalf of his client. Instead, the
Judge devised a plan to attempt to cover for trial counsel
by giving the Petitioner a colloquy that he was in no way,
shape or form, able to respond to knowing and
intelligently. The colloquy served but two purpose, and
they were to protect the trial attorney, and to trick the
Petitioner into waiving a serious claim of ineffective
counsel that the Petitioner wasn't even aware existed.

GROUND 30: UNCONSTITUTIONAL DENIAL OF A FAIR TRIAL DUE TO
JUDICIAL MISCONDUCT
The trial court erred by not recusing himself from deciding
whether or not trial counsel was ineffective when he
learned that the trial counsel in question was the son of
his long-time friend and former employer, who is rumored to
be his god-son, and is now his employer. Because the ruling
was so bizarre and not based in law or facts, it was
without question a ruling made solely to protect the trial
attorney. This is especially true if the court knew at the
time that he would be working for the trial attorney
shortly thereafter, which it appears he did.


NOTE: All grounds raised herein have been further detailed, with
supporting exhibits, in the Petitioner's Memorandum of Law, which
accompanies this Petition. Accordingly, in the event that enough
information has not been provided above, the corresponding
sections of the Memorandum of Law are hereby incorporated by
reference and made part of answers listed above.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

** SEE PAGE 10a, ATTACHED **

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?          Yes ( )     No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____ ** SEE PAGE 10b, ATTACHED **

                                  *                    *

(b) At arraignment and plea: _____ *                *

(c) At trial: _____ *                *

(d) At sentencing: _____ *                *

(e) On appeal: _____ *                *

(f) In any post-conviction proceeding: _____ *                *

GROUNDS NOT PREVIOUSLY PRESENTED IN ANY COURT:

10, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30.

REASONS THAT GROUNDS WERE NOT PRESENTED:

The issues were not previously raised as the result of multiple instances of ineffectiveness of counsel, as will be more fully discussed in the Memorandum of Law that accompanies this petition.

As a review of this matter will reveal, and the Petitioner has highlighted by way of his Memorandum of Law, there exceeds a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

RESPONSES TO QUESTION 15

** ALL ADDRESSES ARE LAST KNOWN **

<u>PRELIMINARY HEARING (M.C. No. 9507-0469) & ARRAIGNMENT (C.P. 9510-1162)</u>

Andrew G. Gay, Esquire
Pennsylvania Supreme Court No. 02425
1731 Spring Garden Street
Philadelphia, PA 19130

<u>TRIAL & SENTENCING (C.P. No. 9510-1162)</u>

Geoffrey V. Seay, Esquire
1315 Walnut Street, Suite 732
Philadelphia, PA 19107
Ph. 215-545-7778

<u>FIRST PCRA PETITION (C.P. No. 9510-1162), POST-TRIAL MOTIONS (C.P. No. 9510-1162), DIRECT APPEAL (1799 Philadelphia 1998) & REMAND HEARINGS (C.P. No. 9510-1162)</u>

Randolph L. Goldman, Esquire
Pennsylvania Supreme Court No. 23307
1422 Chestnut Street, Suite 701
Philadelphia, PA 19102
Ph. 215-636-0303

<u>REMAND HEARING APPEAL (152 EDA 2000), PETITION FOR ALLOWANCE OF APPEAL (579 EAL 2000), SECOND PCRA (C.P. No. 9510-1162) & BEGINNING OF PCRA APPEAL (755 EDA 2003)</u>

Jules Epstein, Esquire
Pennsylvania Supreme Court No. 28569
The Cast Iron Building
Suite 501 - South
718 Arch Street
Philadelphia, PA 19106
Ph. 215-925-4400

<u>END OF PCRA APPEAL (755 EDA 2003) & PETITION FOR ALLOWANCE OF APPEAL (221 EAL 2007)</u>

James Kelly, Pro Se

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

        ** SEE PAGE 10b, HEREIN **

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes (X)  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?      Yes ( )  No (X)

    (a) If so, give name and location of court which imposed sentence to be served in the future:

        Not Applicable

    (b) And give date and length of sentence to be served in the future:  Not Applicable

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( )  No (X)

---

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _4-16-08_       _James Kelly_
        Date             Petitioner's Signature or
                    Signature of Petitioner's Representative
                    James Kelly, Pro Se

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_James Kelly_
Signature of Attorney (if any)
James Kelly, Pro Se

11