IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KELLY, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | No. 08-1073 |
| | : | |
| GERALD L. ROZUM, et al., | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                             February 17, 2009
U.S. MAGISTRATE JUDGE

Petitioner James Kelly, a prisoner at the State Correctional Institution in Somerset,

Pennsylvania, has filed this counseled petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  For the following reasons, I respectfully recommend Kelly's claims be denied as

procedurally defaulted, non-cognizable, or meritless.

### FACTUAL AND PROCEDURAL HISTORY

On August 20, 1996, after a joint trial, a jury found Kelly guilty of first-degree murder

and criminal conspiracy.  See Verdict, Pennsylvania v. Kelly, CP 9510-1162 (Ct. Com. Pl. Phila.

entered Aug. 20, 1996).  On August 21, 1996, the trial court sentenced Kelly to life imprisonment

for the murder conviction and two and one-half-to-five years imprisonment for the conspiracy

conviction.  The sentences were concurrent.

At the trial, Ernestine Williams and Colie Baxter testified.  Williams testified that, prior

to the shooting, she saw and talked with Kelly on the same block on which the shooting occurred.

Aug. 14, 1996 Transcript at 85:10-25, Commonwealth v. Kelly, CP 9510-1162 (Ct. Com. Pl.

Phila.) [hereinafter Transcript].  She saw Kelly pass a brown bag to Larry Mullins, Kelly's co-

1

defendant.  See id. at 87:17-20.  Mullins placed this brown bag under his coat and did not

immediately remove his hand.  Id. at 249:2-21.  When Mullins removed his hand, he held a gun,

which he used to shoot the victim, Travis Hughston.  Id. at 249:21-23.  Baxter testified he saw

Kelly and Mullins run from the scene, enter a car, and drive away.  See Aug. 15, 1996 Transcript

at 38:13-16, 12:20-22: 11:2-15.

Kelly did not file timely post-sentence motions or an appeal.  Kelly filed a petition under

the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, seeking

reinstatement of his appellate rights and leave to file post-sentence motions.  See Petitioner's

Memorandum of Law in Support of Petition for Leave to File Post-Sentence Motion and for

Appeal Nunc Pro Tunc and for other Post-Conviction Relief, Pennsylvania v. Kelly, CP 9510-

1162 (Ct. Com. Pl. Phila. filed Jul. 14, 1997).  The court granted the requested relief and Kelly

filed post-sentence motions arguing: (1) the verdict was against the weight of the evidence; (2)

the evidence was insufficient to sustain the verdict; (3) the jury rendered an inconsistent verdict;

and (4) ineffective assistance of counsel for failing to adequately investigate the case or interview

witnesses, failing to present at least one witness, failing to investigate the alibi defense, failing to

present an opening statement to the jury; and failing to request proper final instructions and

failing to object to the trial court's instructions.  See Post Sentence Motions, Pennsylvania v.

Kelly, 1162-1995 (Ct. Com. Pl. Phila. filed Jan. 16. 1998) [hereinafter Post Sentence Motions].

Counsel then filed supplemental post-sentence motions alleging counsel ineffectiveness

for failing to call witnesses and/or expert witnesses to testify the shooting could not have

occurred in a manner consistent with Williams' testimony, failing to conduct a meaningful cross-

examination of Williams, and abandoning the defense and investigation of the case.  See

Supplemental Post-Sentence Motions, <u>Pennsylvania v. Kelly</u>, 1162-1995 (Ct. Com. Pl. Phila. filed Feb. 18, 1998) [hereinafter Supplemental Post-Sentence Motions].  The post-sentence motions were denied by operation of law on May 27, 1998.  <u>See</u> Docket at 4, Court of Common Please Trial Division Appeals Unit, <u>Commonwealth v. Kelly</u>, 95-10-1162 (Ct. Com. Pl. Phila.).

Kelly filed a timely appeal claiming: (1) insufficient evidence to sustain the conviction; (2) the verdict was against the weight of the evidence; (3) counsel ineffectiveness for failing to investigate, including failing to interview witnesses and failing to call witnesses; (4) counsel ineffectiveness for failing to investigate a viable alibi defense, failing to file an alibi notice, and failing to present alibi witnesses; (5) counsel ineffectiveness for failing to inform the defendant that counsel neglected to file the alibi notice and preventing defendant from making a knowing and voluntary waiver of such defense; (6) counsel ineffectiveness for failing to present an opening address; (7) counsel ineffectiveness for failing to object to the prosecutor's closing address and failing to request a mistrial and/or cautionary instruction following the prosecutor's comment shifting the burden of proof to Kelly; (8) counsel ineffectiveness for failing to object to the court's charge to the jury that it could consider any prior inconsistent statement as substantive evidence; (9) deprivation of his right to an evidentiary hearing on post-sentence motions because the Commonwealth failed to transfer Kelly from the state correctional institution; and (10) the verdict was inconsistent.  <u>See</u> Statement of Matters Complained of on Appeal Pursuant to Pa. R. A. Proc. 1925(b), <u>Commonwealth v. Kelly</u>, 1162-1995 (Ct. Com. Pl. Phila. filed June 25, 1998) [hereinafter Pre-Remand Appeal].  The Superior Court of Pennsylvania affirmed the judgment of sentence, but remanded for an evidentiary hearing on whether trial counsel was ineffective for failing to call alibi witnesses and eyewitnesses and for failing to make an opening statement.

3

Commonwealth v. Kelly 1799 Philadelphia 1998 (Pa. Super. Ct. filed July 9, 1999)

(Memorandum Opinion) [hereinafter Remand Opinion].

At the evidentiary hearing on December 6, 1999 and December 7, 1999, counsel argued counsel ineffectiveness for failing to call alibi witnesses and eyewitnesses, but did not address counsel's failure to present an opening statement. See Dec. 6, 1999 Evidentiary Hearing Transcript at 4:6-18, Commonwealth v. Kelly, 95-10-1162 (Ct. Com. Pl. Phila 1999). The court denied Kelly's motion for a new trial. See Dec. 7, 1999 Evidentiary Hearing Transcript at 57:25, 58:1-17; Commonwealth v. Kelly, CP 9510-1162 1/1 (Ct. Com. Pl. Phila. filed Dec. 8, 1999) (Memorandum Opinion) [hereinafter Court Common Pleas Post Remand Decision].

Kelly obtained new counsel and appealed the trial court's ruling. See Brief for Appellant, Pennsylvania v. Kelly, 2000 EDA 0152 (Pa. Super. Ct. filed Mar. 22, 2000) [hereinafter Post-Remand Brief]. Kelly argued: (1) counsel ineffectiveness and denial of a fair trial when counsel failed to secure or present alibi evidence and eyewitness testimony; (2) counsel ineffectiveness and denial of a fair trial when counsel failed to move in limine to preclude evidence of alleged pressuring of a witness that was not attributable to Kelly; (3) counsel ineffectiveness and denial of a fair trial when trial counsel failed to object to the trial court's instruction on accomplice liability; (4) counsel ineffectiveness and denial of a fair trial when counsel failed to secure character witnesses; (5) counsel ineffectiveness and denial of a fair trial when direct appellate counsel failed to raise the legal issues identified above, and failed to challenge the lack of proof of specific intent to kill or preserve the insufficient evidence claim by seeking allowance of appeal from the Supreme Court of Pennsylvania. See Post-Remand Brief at 4. The Superior

4

Court affirmed.  See Commonwealth v. Kelly, 152 EDA 2000 (Pa. Super. Ct. filed Aug. 24

2000) (Memorandum Opinion) [hereinafter Superior Court Post-Remand Opinion].

On September 21, 2000, Kelly filed a petition for review by the Pennsylvania Supreme

Court alleging: (1) the Superior Court erred by approving trial counsel's failure to secure and

present witnesses; (2) the Superior Court erred by refusing to review claims raised by new

counsel; and (3) a defendant cannot be bound by an answer in a colloquy that he did not want to

call witnesses if trial counsel fails to locate and interview witnesses.  See Petition for Allowance

of Appeal at 2-3, Kelly v. Commonwealth, No. 2000 EDA 0152 (Pa. filed Sept. 21, 2000)

[hereinafter Petition for Allowance of Appeal].  The Pennsylvania Supreme Court denied

allocatur on February 9, 2001.  Commonwealth v. Kelly, 871 A.2d 141 (Pa. 2001) (table).

On September 26, 2001, Kelly filed a petition for post conviction relief pursuant to 42 Pa.

C.S.A. § 9543, see Petition for Post-Conviction Relief Pursuant to 42 Pa. C.S.A. § 9543,

Commonwealth v. Kelly, C.P. 9510-1162 (Ct. Com. Pl. Phila. filed Sept. 26, 2001) [hereinafter

PCRA Petition], and on October 17, 2001, he filed a supplement to the previously filed petition.

See Petitioner's Supplement to Previously Filed Petition for Post-Conviction Relief Pursuant to

42 Pa. C.S.A. § 9543, Commonwealth v. Kelly, C.P. 9510-1162 (Ct. Com. Pl. Phila. filed Oct.

17, 2001) [hereinafter Supplement to PCRA Petition].  Kelly alleged: (1) counsel ineffectiveness

and denial of a fair trial when counsel failed to move in limine to preclude evidence of alleged

pressuring of a witness not attributable to Kelly; (2) counsel ineffectiveness and denial of a fair

trial when counsel failed to object to trial court's jury instruction on accomplice liability; (3)

counsel ineffectiveness and denial of a fair trial when trial counsel failed to secure character

witnesses; (4) counsel ineffectiveness and denial of a fair trial when trial counsel failed to request

discovery and investigate an alternate suspect; (5) the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963) because it failed to disclose files relating to an alternate suspect; (6) counsel ineffectiveness and denial of a fair trial when direct appellate counsel did not raise the above issues and failed to challenge the lack of proof of specific intent to kill or preserve the insufficient evidence claim; (7) counsel ineffectiveness and denial of the right to testify when trial counsel advised Kelly his criminal record could be used to impeach his credibility if he testified.  See id.  The court dismissed Kelly's petition on February 19, 2003.  See Commonwealth v. Kelly, No. 9510-1162 (Ct. Com. Pl. Phila. filed Jan. 28, 2004) [hereinafter PCRA Opinion].

Kelly waived his right to appellate counsel, and filed a pro se appeal alleging: (1) PCRA counsel ineffectiveness for failing to raise prior counsel ineffectiveness for omitting certain rebuttal testimony; (2) PCRA counsel ineffectiveness for failing to raise prior counsel ineffectiveness for allowing the admission of irrelevant and prejudicial testimony and prosecutor misconduct; (3) PCRA counsel ineffectiveness for failing to raise prior counsel ineffectiveness for not fully utilizing the prior statements of prosecution witnesses on cross examination; (4) PCRA counsel ineffectiveness for failing to raise prior counsel ineffectiveness for allowing the jury to see Kelly's "mug shot" from a prior arrest; (5) PCRA counsel ineffectiveness for failing to raise prior counsel ineffectiveness for allowing an in-court identification of Kelly which lacked independent basis and failing to object to the court's instruction; (6) PCRA counsel ineffectiveness for waiving claims related to Kelly's second alibi witness; (7) PCRA counsel ineffectiveness for failing to raise first appellate counsel's ineffectiveness for inadequately questioning trial counsel at the evidentiary hearing, failing to object to the prosecutor's

examination of Kelly and his witnesses, and the hearing court's deviation from its mandated function; (8) denial of due process when PCRA court ruled appellate counsel effective despite failing to raise trial counsel ineffectiveness for not challenging admissibility of witness pressuring testimony and not presenting character witnesses; (9) denial of due process when trial court found no hearing was necessary to resolve Kelly's PCRA claims.  See Brief for Appellant at 5, Commonwealth v. Kelly, 755 EDA 2003, (Pa. Super. Ct. filed Nov. 2, 2004) [hereinafter PCRA Appeal].

On December 18, 2006, the Superior Court rejected Kelly's claims.  See Commonwealth v. Kelly, 755 EDA 2003 (Pa. Super. Ct. Dec. 18, 2006) (Memorandum Opinion) [Superior Court PCRA Opinion].  The Honorable Kate Ford Elliott filed a dissenting opinion contending Kelly had not waived his claims and was entitled to a new trial because his counsel was ineffective for failing to challenge the admissibility of witness-pressuring testimony and failing to call character witnesses.  Commonwealth v. Kelly, 755 EDA 2003 (Pa. Super. Ct. Dec. 18, 2006) (dissenting, Elliott, J.) (Memorandum Opinion) [hereinafter Superior Court Dissent].  The Pennsylvania Supreme Court denied allocatur on October 26, 2007.  Commonwealth v. Kelly, 934 A.2d 1277 (Pa. 2007) (table).

On April 21, 2008, Kelly filed a habeas corpus petition alleging: (1) counsel ineffectiveness for failing to investigate witnesses, file an alibi notice, and present alibi witnesses; (2) counsel ineffectiveness for failing to secure character witnesses; (3) counsel ineffectiveness for failing to move to preclude evidence of witness tampering; (4) counsel ineffectiveness for failing to object to the court's jury instruction on accomplice liability; (5) the verdict was against the weight of the evidence; (6) insufficient evidence to sustain the verdict; (7)

7

the verdict was inconsistent; (8) appellate counsel ineffectiveness for failing to raise trial counsel's (a) failure to move to preclude evidence of witness tampering, (b) failure to object to the court's instruction on accomplice liability,(c) failure to secure character witnesses; and (d) failure to raise a weight claim; (9) appellate counsel ineffectiveness for failing to preserve the insufficient evidence claim; (10) counsel ineffectiveness for failing to challenge the affidavit of probable cause; (11) counsel ineffectiveness for failing to request discovery for, or investigate, an alternate suspect; (12) counsel ineffectiveness for failing to inform Kelly regarding the alibi defense, failing to file a notice of alibi defense, and failing to inform Kelly the investigator located two eyewitnesses; (13) counsel ineffectiveness for failing to give an opening statement; (14) counsel ineffectiveness for failing to object to the prosecutor's closing argument and failing to request a mistrial and/or a cautionary instruction to prosecutor comment which shifted the burden to Kelly; (15) counsel ineffectiveness for failing to realize the police and/or prosecutor were withholding evidence; (16) counsel ineffectiveness for advising Kelly his criminal history would be used to impeach his credibility if he testified; (17) counsel ineffectiveness for failing to preclude the in-court identification of Kelly and for failing to move for a mistrial after such identification; (18) counsel ineffectiveness for failing to allege the police and/or prosecutor were withholding evidence when they failed to disclose that Baxter was previously unable to identify Kelly in a photograph array; (19) counsel ineffectiveness for failing to suppress the identification of Kelly made by Williams; (20) counsel ineffectiveness for failing to file a motion to declare Williams incompetent to testify; (21) the prosecution failed to disclose evidence favorable to the defense, i.e., investigation documents relating to a witness's statement the victim was responsible for the shootings of "Terry" and "Curt"; (22) the prosecution failed to disclose evidence

8

favorable to the defense, i.e., investigation documents relating to disagreements the victim had

with the Curry family; (23) the prosecution failed to disclose evidence favorable to the defense,

i.e., documents relating to the police statement to Williams that they heard she was paid to blame

Kelly and the shooter was someone named "Tommy"; (24) the prosecution failed to disclose

evidence favorable to the defense, i.e., Baxter was unable to identify Kelly when previously

shown a photograph; (25) the prosecution failed to disclose evidence favorable to the defense,

i.e., investigation reports documenting the two-and-one-half-year investigation; (26) the

prosecution failed to disclose evidence favorable to the defense, i.e., information gained from

witness Corey Braxton; (27) appellate counsel ineffectiveness for failing to allege the Superior

Court erred by refusing to review the weight of the evidence claim; (28) PCRA counsel

ineffectiveness for failing to allege the Superior Court erred by refusing to review the weight of

the evidence claim; (29) denial of a fair trial due to judicial misconduct because the judge failed

to recuse himself even though Kelly's attorney was the son of a long-time friend and former

employer, is rumored to be the judge's godson, and is now his employer; (30) denial of a fair trial

due to judicial misconduct because the judge did not recuse himself from deciding whether trial

counsel was ineffective.  See Petition for Writ of Habeas Corpus by a Person in State Custody at

9(a) -9(f), Kelly v. Rozum, 08-1073 (E.D. Pa. filed Apr. 21, 2008) [hereinafter Petition];

Memorandum of Law in Support of Petitioner's Petition for Writ of Habeas Corpus, Kelly v.

Rozum, 08-1073 (E.D. Pa. filed Apr. 21, 2008) [hereinafter Kelly's Memorandum of Law].

Kelly obtained counsel on October 10, 2008, and counsel filed an amended petition on December

9, 2008, reiterating the above-listed claims.  See Amended Petition Writ for Habeas Corpus,

Kelly v. Rozum, No. 08-1073 (E.D. Pa. filed Dec. 9, 2008).

For the reasons set forth below, I recommend Kelly's claims be dismissed as procedurally defaulted, non-cognizable, or meritless.

## DISCUSSION

I.      Procedurally Defaulted

A.      Kelly waived claims not properly presented to the state courts

A federal court may not grant habeas relief to a state prisoner unless the prisoner exhausted her available remedies in state court.  28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).  A state prisoner must complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues."  O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at 197; see also Woodford v. Ngo, 126 S.Ct. 2378, 2386-87 (2006).[1]  A petitioner "shall not be deemed to have exhausted the remedies available . . . if [s]he has the right under the law of the [s]tate to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

A claim "fairly presented" to the state courts is exhausted.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 848; Nara, 488 F.3d at 197; Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  The relevant inquiry is whether the petitioner presented in state courts the legal theory and supporting facts asserted in the federal habeas petition.  Nara 488 F.3d at 198;  Keller v. Larkins, 251 F.3d 408,

---

[1]     Pennsylvania Supreme Court Order No. 218 declares federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

413 (3d Cir. 2001); see Revels v. DiGuglielmo, 2005 WL 1677951, *4 (E.D. Pa. 2005) (DuBois, J.).

"[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for purposes of federal habeas . . . ." Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); McCandless, 172 F.3d at 260. Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995). Similarly, procedural default occurs when a petitioner presented the claim in the state system, but the state court refuses to address the claim on the merits because of "an established state rule of law independent of the federal claim and adequate to support the refusal." Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996) (citing Coleman, 501 U.S. at 750). This procedural default doctrine prohibits federal courts from reviewing a petitioner's claim defaulted in state courts on an independent and adequate state law ground. Coleman, 501 U.S. at 729; see Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007); Nara, 488 F.3d at 199; Griggs v. DiGuglielmo, 2007 WL 2007971, at *5 (E.D. Pa. Jul. 3, 2007) (Yohn, J.).

An adequate state law ground exists if: "(1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions." Doctor v. Walters, 96 F.3d 675, 683-84 (3d Cir. 1996). It must be a rule of general applicability which is "firmly established, readily ascertainable, and regularly followed." See Leyva, 504 F.3d at 366 (quoting Szuchon v. Lehman, 273 F.3d 299, 327 (3d Cir. 2001)). The purpose of the

procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their federal claims in state court.  Coleman, 501 U.S. at 732.

An issue is waived if a petitioner fails to raise it and it could have been raised before trial, at trial, on appeal, in a habeas corpus proceeding, or in a prior proceeding.  42 Pa. Cons. Stat. § 9544(b); see also Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir. 1996) ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court"); Commonwealth v. D'Collanfield, 805 A.2d 1244, 1245 (Pa. Super. 2002) (issue not preserved on appeal waived). Moreover, the PCRA provides collateral actions must be filed within one year of the date on which the conviction became final.  42 Pa. Cons. Stat. § 9545(b)(1).  Such state law waiver and PCRA statute of limitation rules are independent and adequate state law grounds that bar federal habeas review.  Peterson v. Brennan, 196 Fed. Appx. 135, 142 (3d Cir. Sept. 26, 2006); Griggs, 2007 WL 2007971, at *5; Frey v. Stowitzky, 2007 WL 1574768, at *2 (E.D. Pa. May 31, 2007) (Giles, J.) (claims procedurally defaulted in federal court because petitioner's direct appeal was dismissed for failure to file a brief and his PCRA petition was untimely); Clymer, 2005 WL 711651, at *4-5 (claim procedurally defaulted because state court has consistently found issues waived if defendant fails to properly brief the issues).  They are rules of general applicability which are "firmly established, readily ascertainable, and regularly followed."  See Leyva, 504 F.3d at 366 (quoting Szuchon, 273 F.3d at 327).

1.    Claims not presented to the state courts

Kelly failed to present the following claims to the state court: appellate counsel ineffectiveness for failing to raise a weight claim (ground 8, in part),[2] see Kelly's Memorandum of Law at ¶131, 109-119; counsel ineffectiveness for failing to challenge the affidavit of probable cause (ground 10); counsel ineffectiveness for failing to inform Kelly about the alibi defense and the eyewitnesses (ground 12); counsel ineffectiveness for failing to raise a claim the prosecution withheld evidence, including questions posed by police to Williams and various police activity sheets (ground 15); counsel ineffectiveness for failing to seek and/or review discovery regarding whether Baxter was unable to identify a photograph of Kelly prior to trial (ground 18); counsel ineffectiveness for failing to move to suppress Williams' identification of Kelly (ground 19); counsel ineffectiveness for failing to file a motion to bar Williams from testifying because she was incompetent (ground 20); Brady violation for the prosecution's failure to disclose investigation documents relating to a witness's statement the deceased was responsible for the shootings of "Terry" and "Curt" (ground 21); Brady violation for the prosecution's failure to disclose investigation documents relating to disagreements the victim had with the Curry family (ground 22); Brady violation for the prosecution's failure to disclose documents relating to the police officers' statement to Williams that they heard she was paid to blame Kelly and the shooter was someone named "Tommy" (ground 23); Brady violation for the prosecution's failure to disclose Baxter was unable to identify Kelly when previously shown a photograph (ground

_____

[2] Kelly's appellate counsel claimed Kelly's conviction was against the weight of the evidence in his post-sentence motions, see Post Sentence Motions, and on appeal, see Pre-Remand Appeal.  Therefore, it appears Kelly is arguing counsel ineffectiveness for failing to raise this claim to the Pennsylvania Supreme Court.

13

24); Brady violation for the prosecution's failure to disclose investigation reports documenting the two-and-one-half-year investigation (ground 25); Brady violation for the prosecution's failure to disclose information gained from witness Corey Braxton (ground 26);[3] appellate counsel ineffectiveness for failing to allege the superior court erred when it refused to review the weight of the evidence claim (ground 27); PCRA counsel ineffectiveness for failing to allege appellate counsel ineffectiveness for failing to allege the superior court erred by refusing to review the weight of the evidence claim (ground 28); and denial of a fair trial because the trial judge did not recuse himself from the trial and the evidentiary hearing (grounds 29 and 30).

Kelly waived these claims when he failed to raise them on direct appeal or during PCRA review. See 42 Pa. Cons. Stat. § 9544(b); see also Sistrunk v. Vaughn, 96 F.3d at 671 n.4. Kelly is now passed the one-year limitations period for PCRA. See Pa. Cons. Stat. § 9544(a). Such independent and adequate state law ground preclude review here, see Peterson, 196 Fed. Appx. at 142, and the claims are procedurally defaulted because he can no longer raise them in state court, see Coleman, 501 U.S. at 735 n.1.

> 2.    Claims not preserved on appeal to the Superior Court or on PCRA review

Kelly first raised ground 4, trial counsel ineffectiveness for failing to object to the court's jury instruction on accomplice liability, on his post-remand appeal. See Post-Remand Brief at 22. The Superior Court denied review because it was beyond the scope of the limited review granted to petitioner. See Post-Remand Superior Court Opinion at 4, 4 n.4 (finding issues

---

[3] In state court, Kelly asserted only a Brady violation for the prosecution's failure to disclose the full name and criminal background of Boochie. See PCRA Petition at ¶ 10f. Kelly does not raise this claim here. See Petition. Even if he had, Kelly failed to raise it on appeal in state court. See PCRA Appeal at 5. Therefore, he waived the claim, 42 Pa. Cons. Stat. § 9544(b), and it is now procedurally defaulted, see Coleman, 501 U.S. at 735 n.1.

14

waived, but noting review of these issues would not automatically be precluded under the

PCRA).  Kelly abandoned this claim by failing to present it in any other appellate[4] or PCRA

proceeding.  See 42 Pa. Cons. Stat. § 9544(b).

Kelly raised direct appellate counsel ineffectiveness for failing to object to the court's

instructions on accomplice liability, ground 8, in part, in his post-remand appellate brief, see

Post-Remand Brief at 4, and PCRA petition, see PCRA Petition at 2.  Kelly waived the claim,

see 42 Pa. Cons. Stat. § 9544(b), however, when he failed to raise it on his PCRA appeal, see

PCRA Appeal at 5.

In his post-remand brief, Kelly raised ground 9, counsel ineffectiveness for direct

appellate counsel's failure to seek allowance of appeal to the Supreme Court for review of

Kelly's insufficient evidence claim.  See Post-Remand Brief at 4.  The Superior Court found the

claim unreviewable because it was beyond the scope of remand.  See Superior Court Post-

Remand Opinion at 4.  In addition, although Kelly raised the claim in his PCRA Petition, see

PCRA Petition at 2, he did not pursue this claim on PCRA appeal, see PCRA Appeal at 5.  Kelly,

therefore, waived the claim.  See 42 Pa. Cons. State. § 9544(b).

Ground 11, in part, alleges trial counsel ineffectiveness for failing to investigate and

request discovery on alternate suspects Boochie, Tommy, and Kendall, and failing to present

evidence "Boochie" was a real person with a long and violent arrest record.  See Petition at 9b,

Kelly's Memorandum of Law at ¶ 142-152.  Kelly raised this claim in his PCRA petition, and the

---

[4]  In his petition for review to the Pennsylvania Supreme Court, Kelly alleged Superior
Court error in failing to review the claim.  See Petition for Allowance of Appeal at 2-3.  The
Supreme Court, however, did not grant review, Kelly, 871 A.2d at 141, and Kelly failed to raise
this ineffectiveness claim on PCRA, see PCRA Petition.

PCRA court rejected the claim.  See PCRA Petition at 2-3.  Kelly did not appeal this ruling.  See

PCRA Appeal at 5.  Kelly, therefore, waived the claim.  See 42 Pa. Cons. Stat. § 9544(b).

Kelly first raised ground 13, trial counsel ineffectiveness for failing to deliver an opening

statement, on direct appeal.  See Pre-Remand Appeal. The Superior Court remanded the claim

for an evidentiary hearing.  See Remand Opinion.  The trial court found the claim meritless

because Kelly failed to show he was prejudiced by counsel's failure to make an opening

statement.  See Common Pleas Court Post Remand Opinion at 3.  Kelly did not raise this claim

on appeal, see Post-Remand Appeal Brief, or on PCRA, see PCRA Petition, and, therefore,

waived it, see 42 Pa. Cons. Stat. § 9544(b).

Ground 16 alleges trial counsel ineffectiveness for advising Kelly his criminal history

would be used to impeach his credibility if he testified.  See Petition at 9c.  On PCRA, Kelly

claimed trial counsel ineffectiveness for advising Kelly not to testify.  See Supplemental PCRA

Petition at ¶3.  The PCRA court rejected the claim.  See PCRA Opinion at 7.  Kelly waived this

claim when he failed to appeal it to the Superior Court.  See 42 Pa. Cons. Stat. § 9544(b); PCRA

Appeal.

Kelly is now passed the one-year limitations period for PCRA.  See Pa. Cons. Stat. §

9544(a).  Such independent and adequate state law grounds preclude habeas review.

See Peterson, 196 Fed. Appx. at 142.  Because he can no longer raise these claims in state court,

they are procedurally defaulted.  See Coleman, 501 U.S. at 735 n.1.

### 3.   Claim not raised to the Pennsylvania Supreme Court

Before May 9, 2000, a petitioner failed to exhaust a claim unless he filed a petition for

allowance of appeal to the Pennsylvania Supreme Court.  Pennsylvania Supreme Court Order

16

218, issued on May 9, 2000, provides "a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies."  See Wenger v. Frank, 266 F.3d 218, 224-25 (3d Cir. 2001).  Petitioners, therefore, are no longer required to raise their claims to the Pennsylvania Supreme Court to satisfy the exhaustion requirement.  See Lambert, 387 F.3d at 233-34.  This rule, however, does not apply where "the time to petition for review by the state supreme court expired prior to the date of the order."  See Wenger, 266 F.3d at 226.

On July 9, 1999, the Superior Court issued an order in Kelly's case which affirmed the trial court's judgment, remanded for further proceedings, and relinquished jurisdiction.  See Judgment, Commonwealth v. Kelly, 1799 PHL 1998 (Pa. Super. Ct. dated Jul. 9, 1999).  This was a final order as to all claims not remanded.  See Pa. R. App. Proc. R. 1112(b) (a superior court order is final when order concludes an appeal, even if it remands an appeal, unless the Superior Court retains jurisdiction).  Kelly, therefore, had until August 8, 1999, thirty days following this order, to petition for allowance of appeal to the Supreme Court to challenge the claims not remanded.  See Pa. R. App. P. R. 1113.  He failed to do so.

Kelly raised ground 14, counsel ineffectiveness for failing to object to the prosecutor's closing argument or failing to move for a mistrial due to the argument, in his appeal from his post-sentence motions.  See Pre-Remand Appeal.  The Superior Court did not list this claim as raised in his 1925(b) statement and, therefore, did not address the issue.[5]  See Superior Court

---

[5]  Even if he had not waived this claim when he failed to appeal to the Supreme Court, Kelly waived it when he did not raise it on PCRA.  See 9544(b).  Because the Superior Court did not address the merits, the issue would not have been found previously litigated and Kelly could have raised it on PCRA. 42 Pa. C.S.A. § 9544(a).

Remand Opinion.  Kelly raised ground 6, insufficient evidence to sustain the conviction, in his post-sentence motions and on appeal to the Superior Court.  See Post Sentence Motions; Pre-Remand Appeal.  Kelly raised ground 5, alleging the verdict was against the weight of the evidence, in his post-sentence motions,[6] see Post Sentence Motions, and on appeal to the Superior Court,[7] see Pre-Remand Appeal.  Kelly waived these claims when he failed to petition for allowance of appeal to the Pennsylvania Supreme Court.  See Wenger, 266 F.3d at 226.

Kelly is now passed the one-year limitations period for PCRA.  See Pa. Cons. Stat. § 9544(a).  Such independent and adequate state law grounds now preclude review, see Peterson, 196 Fed. Appx. at 142, and the claims are procedurally defaulted because he can no longer raise them in state court, see Coleman, 501 U.S. at 735 n.1.

B.    Cause and Prejudice or a Miscarriage of Justice

Kelly may obtain federal habeas review of claims defaulted pursuant to independent and adequate state procedural rules only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750; Smith

---

[6]  The Superior Court ruled Kelly waived this claim by failing to include it in his post-sentence motion.  See Remand Opinion at 10.  It appears, however, Kelly raised this claim in his post-sentence motion.  See Post Sentence Motion at ¶ 1.  The Commonwealth argues the document "did not appear on the Court of Common Pleas docket, . . . and apparently was not made part of the official record in this matter," and, therefore, the Superior Court could not consider it.  See Commonwealth's Reply at 26 n.10.  Although it appears the document was not on the docket, see Docket at 3-4, it is a part of the state court record.

[7]  In addition, a claim alleging the verdict is against the weight of the evidence is not cognizable on federal habeas.  Mattis v. Klopotoski, 2008 WL 2909859, at *4 (E.D. Pa. July 28, 2008) (Fullam, J.) (citing Tibbs v. Florida, 457 U.S. 31, 37-38 (1982)); accord Ming v. Tennis, 2007 WL 1030329, at *2 n.1 (E.D. Pa. Feb. 13, 2007) (Restrepo, J.); Willis v. Varner, 2004 WL 1109780, at *10 (E.D. Pa. May 13, 2004) (Angell, J.); Smith v. Vaughn, 1997 WL 338851, at *8 (E.D. Pa. Jun. 17, 1997) (Yohn, J.).

v. Murray, 477 U.S. 527, 533 (1986); see also Murray v. Carrier, 477 U.S. 478, 485 (1986); Leyva, 504 F.3d at 362 n.6, 366; Griggs, 2007 WL 2007971, at *5.  This requirement is grounded in the need for finality and comity, i.e., ensuring state courts have an adequate opportunity to review a case on the merits.  Smith, 477 U.S. at 533.

To constitute cause to excuse default, Kelly must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488); Sistrunk, 96 F.3d at 675.  To establish prejudice, Kelly must show "actual prejudice resulting from the errors of which [s]he complains." McClesky v. Zant, 499 U.S. 467, 494 (1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  Actual prejudice exists if the alleged errors "worked to [his] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

To establish the requisite fundamental miscarriage of justice, Kelly must demonstrate "actual innocence," Schlup v. Delo, 513 U.S. 298, 324 (1995); Leyva, 504 F.3d at 366, i.e., "new reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial, Schlup, 513 U.S. at 324; Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir. 2004) (addressing claim of actual innocence but rejecting it on the merits), that would make it more likely than not that "no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt." See House v. Bell, 547 U.S. 518, 538 (2006); Schlup, 513 U.S. at 329 (even a "concededly meritorious constitutional violation" is not sufficient to establish a miscarriage of justice to excuse procedural default absent new

evidence of innocence).  Kelly must show no reasonable juror would have found him guilty, and not merely that a reasonable doubt exists in light of the new evidence.  Schlup, 513 U.S. at 329.

Kelly does not establish cause or prejudice to excuse the default of his claims.  Kelly alleges ineffective assistance of counsel as cause for his default.  See Petition at 10a.  Ineffective assistance of counsel on direct appeal is an independent constitutional claim and will not establish cause for procedural default of another claim unless the ineffective assistance of counsel claim was first raised in state court.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Line v. Larkins, 208 F.3d 153, 167 (3d Cir. 2000).  In addition, no constitutional right exists to counsel in state collateral proceedings.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Tillet v. Freeman, 868 F.2d 106, 108 (3d Cir. 1989).  Thus, any alleged PCRA counsel ineffectiveness cannot establish cause for Kelly's failure to raise his claims in state court.  See Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002).

Kelly also claims a miscarriage of justice because he is innocent.  See Petitioner's Reply to Respondent's Response to Petition for Writ of Habeas Corpus at 5, 6-7, Kelly v. Rozum, 08-1073 (E.D. Pa. filed Sept. 8, 2008) [hereinafter Petitioner's Reply].  Kelly, however, presents no new evidence to show that no reasonable juror would have found him guilty.  See Schlup, 513 U.S. at 329.

II.     Non-Cognizable Claim

Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle, 502 U.S. at 67-68; ; Taylor v. Horn, 504 F.3d 416, 448 (3d Cir. 2007); Smith v. Horn, 120 F.3d 400, 426 (3d Cir. 1997); accord, 28 U.S.C. §

2241(c).  Thus, Kelly must allege a federal constitutional claim in his federal petition to obtain habeas review.

Ground 7 alleges an unconstitutionally inconsistent verdict because the jury found Kelly guilty of murder, but not guilty of possessing an instrument of a crime.  See Petition at 9b; Kelly's Memorandum of Law at ¶¶ 124-28.  Inconsistent verdicts do not present a federal constitutional question unless the jury convicted the defendant of two crimes and those crimes are mutually exclusive.  United States v. Gross, 961 F.2d 1097, 1107 (3d Cir. 1992); see United States v. Powell, 469 U.S. 57, 68-69 (1984); Buehl v. Vaughn, 166 F.3d 163, 178-79 (3d Cir. 1999); Laird v. Horn, 159 F. Supp. 2d 58, 88 (E.D. Pa. 2001) (challenge to the consistency of the verdict will not be considered unless petitioner demonstrates the "verdicts are logically inconsistent" (quoting Masoner v. Thurman, 996 F.2d 1003, 1005 (9th Cir. 1993)).

Kelly has not alleged he was convicted of two mutually exclusive crimes because he does not argue he was convicted of two crimes, one of which he could not have committed by virtue of his conviction for the other.  See Gross, 961 F.2d at 1107.  Rather, Kelly argues his acquittal on the possession of an instrument of a crime charge is inconsistent with his homicide conviction.  See Petition at 9b.  Accordingly, Kelly fails to present a cognizable federal habeas claim.  See Powell, 469 U.S. at 69 (verdict not unconstitutional where jury found defendant not guilty of conspiracy to possess cocaine and possession of cocaine but guilty of using a telephone to facilitate those offenses); Dunn v. United States, 284 U.S. 390, 393 (1932) (verdict not unconstitutionally inconsistent where found guilty of keeping intoxicating liquor for sale but not guilty of unlawfully possessing and unlawful sale of such liquor); Gross, 961 F.2d at 1107 (Powell foreclosed defendant's argument that his acquittal was inconsistent with his conviction).

III.    Meritless Claims

State court decisions merit substantial deference.  See 28 U.S.C. § 2254(d)(1).  A writ of habeas corpus cannot be granted unless I find the state court's adjudication of Kelly's claims (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d).  I must presume the state court's findings of fact are correct and Kelly must rebut that presumption of correctness by clear and convincing evidence.  § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340-41 (2003); Porter, 276 F. Supp. 2d at 296.

A state court ruling is "contrary to" clearly established Supreme Court precedent for the purposes of § 2254(d)(1) "if the state court applies a rule that contradicts the governing law" set forth in Supreme Court cases, or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision and nevertheless arrives at a result different from its precedent.  Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Jamison v. Klem, 544 F.3d 266, 274 (3d Cir. 2008).  The state court judgment must contradict clearly established decisions of the Supreme Court, not merely law articulated by any federal court, Williams, 529 U.S. at 405, although district and appellate federal court decisions evaluating Supreme Court precedent may amplify such precedent, Hardcastle v. Horn, 368 F.3d 246, 256 n.3 (3d Cir. 2004) (citing Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999)).  The state court is not required to cite or even have an awareness of governing Supreme Court precedent "so long as neither the

reasoning nor the result of [its] decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); Jamison, 544 F.3d at 274-75.

A state court decision constitutes an "unreasonable application" of Supreme Court precedent if it identifies the correct governing legal rule from Supreme Court cases, but "unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407; Jamison, 544 F.3d at 275 (quoting Matteo, 171 F.3d at 887). When making the "unreasonable application" inquiry, I must determine "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409; see also Matteo, 171 F.3d at 891 (whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Supreme Court precedent). A court that unreasonably extends an established rule to a new context where it should not apply, or unreasonably fails to extend such a rule to a new context where it should apply, may be deemed to have unreasonably applied the correct rule. Williams, 529 U.S. at 407; Jamison, 544 F.3d at 275 (quoting Matteo, 171 F.3d at 887). A showing of clear error is not sufficient. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); see also Douglas v. Cathal, 456 F.3d 403, 417 (3d Cir. 2006) (grant of writ inappropriate where state determination was not objectively unreasonable, even where reasonable jurists may disagree about the correct disposition of the underlying claim). I may also not grant habeas relief merely because the state court applied federal law erroneously or incorrectly. Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005); Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Clearly established federal law governing ineffectiveness claims is set forth in the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). See Bell v. Cone 535 U.S. 685, 698

(2002); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). First, the "defendant must show counsel's performance was deficient," which requires showing "counsel made errors so serious [he] was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, the defendant must show "the deficient performance prejudiced the defense," which requires showing the "errors were so serious as to deprive the defendant of a fair trial." Id.; see generally Outten v. Kearney, 464 F.3d 401, 413-14 (3d Cir. 2006); Thomas, 428 F.3d at 499. "Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687. Pennsylvania applies the same test for ineffective assistance of counsel as the Strickland test used in federal courts.[8] Werts, 228 F.3d at 203; Commonwealth v. Sneed, 899 A.2d 1067, 1075-76 (Pa. 2006).

Counsel's effectiveness is measured objectively considering all the circumstances. Id. at 687-88; Otero, 502 F.3d at 334. In evaluating counsel's performance, I must be "highly deferential" and "indulge a strong presumption" that counsel's challenged actions might be considered sound strategy under the circumstances. Strickland, 466 U.S. at 689. "Strickland and its progeny make clear that counsel's strategic choices will not be second guessed by post hoc determinations that a different trial strategy would have fared better." Rolan, 445 F.3d at 681-82 (citing Strickland, 466 U.S. at 689). The relevant inquiry is not whether Kelly's counsel was

---

[8] In Pennsylvania, the standard to determine whether counsel was constitutionally ineffective requires the petitioner to "rebut the presumption of professional competence" by demonstrating: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." Sneed, 899 A.2d at 1076. If the petitioner fails to satisfy any of the standard's prongs the claim will be rejected. Id.

prudent, appropriate, or perfect.  <u>Marshall v. Hendricks</u>, 307 F.3d 36, 91 (3d Cir. 2002).  Rather, the focus is simply to ensure Kelly received a fair trial.  <u>See</u> <u>id.</u>

To establish prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.  Prejudice must be evaluated in light of the "totality of the evidence presented at trial" and "a verdict of conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."  <u>See</u> <u>Rolan</u>, 445 F.3d at 982 (quoting <u>United States v. Gray</u>, 878 F.2d 702, 712 (1989)).

Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas."  <u>Yarborough v. Gentry</u>, 540 U.S. 1, 6 (2003).  Therefore, if the state court addressed counsel's effectiveness, Kelly must show the state court's decision was objectively unreasonable.  <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002).  It is not enough to convince a federal habeas court that, in its independent judgment, the state court erred in applying <u>Strickland</u>.  <u>Bell</u>, 535 U.S. at 698-99.  Kelly, therefore, must do more than show he would have satisfied <u>Strickland</u> if his claims were being analyzed here in the first instance.

> A.    <u>The state court's finding the counsel ineffectiveness claim regarding witnesses was meritless was not contrary to, nor an unreasonable application of, federal law</u>

Kelly raised ground 1, counsel ineffectiveness for failing to call alibi witnesses and eye witnesses and failing to file an alibi notice, in state court.  <u>See</u> Post-Sentence Motion at ¶4; Statement of Matter Complained of on Appeal Pursuant to Pa. R.A.P. 1925(b) at ¶3.  After an evidentiary hearing, the state court found these claims meritless, <u>see</u> Post-Remand Court Common Pleas Opinion at 2-3, the Superior Court affirmed, <u>see</u> Post-Remand Superior Court

Opinion at 6-7, and the Supreme Court denied his petition for allowance of appeal, <u>see Kelly</u>, 871 A.2d at 141.

        1.    <u>Alibi Witnesses</u>

      In state court, Kelly claimed counsel ineffectiveness for failing to call alibi witnesses Reverend James Becoat and Joan Arrington and for failing to file an alibi notice.  <u>See</u> Post-Sentence Motion at ¶4; Statement of Matter Complained of on Appeal Pursuant to Pa. R.A.P. 1925(b) at ¶3; Post-Remand Brief at 4.

      Because the decision whether to call an alibi witness usually involves trial strategy, counsel's failure to present an alibi witness is not ineffective assistance of counsel per se. <u>Commonwealth v. Brown</u>, 767 A.2d 576, 581 (Pa. Super. 2001) (citing <u>Commonwealth v. Auker</u>, 681 A.2d 1305, 1319 (Pa. 1996)).  To prevail on his alibi ineffectiveness claim, Kelly was required to prove: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the witness's existence or counsel should otherwise have known of the witness; (4) the witness was prepared to cooperate and testify for the defendant at trial; and (5) the absence of the testimony prejudiced defendant so as to deny him a fair trial.  <u>Commonwealth v. Lopez</u>, 739 A.2d 485, 496 (Pa. 1999); <u>accord Commonwealth v. Petras</u>, 534 A.2d 483, 485 (Pa. Super. Ct. 1987).

      After an evidentiary hearing, the state court found Kelly's claim meritless because the court questioned Kelly at the close of the Commonwealth's case as to whether he would like to

call any witnesses, and Kelly replied he would not.[9]  See Post-Remand Court Common Pleas Opinion at 2-3.

The Superior Court discussed trial counsel's decision not to present Reverend Becoat. See id.  At the hearing, trial counsel noted he was not confident Reverend Becoat would be able to place Kelly in his presence at the time of the crime.  See id.  In addition, counsel noted the Commonwealth had a "bad witness" and he had effectively cross-examined her.  See id.  The state court, therefore, found counsel, "as a matter of strategy," "emphasize[d] the Commonwealth's failure to meet its burden of proving guilt beyond a reasonable doubt, rather than attempt the more difficult task of establishing an alibi defense."  See Post-Remand Superior Court Opinion at 6-7.  The Superior Court also noted Kelly acquiesced to trial counsel's strategy because the court asked Kelly whether he wished to call witnesses and he responded he did not.

---

[9]  At the close of defense's case, the court conducted the following colloquy:

"THE COURT: Are there any additional witnesses that you wanted to be called at this trial that Mr. Seay did not call?
DEFENDANT KELLY: Well, no.  There is a witness, but my defense feels as though it was no need for him, you know.
THE COURT: So you discussed it with Mr. Seay?
DEFENDANT KELLY: Yes, I did.
THE COURT: And based on that discussion, you decided that witness would not be called?
DEFENDANT KELLY: Yes, I did.
THE COURT: Was it because it would have been cumulative or - - I don't want to know why.  But you discussed it with him.
Is there anything about your trial which you told your attorney to do that was not done?
DEFENDANT KELLY: No.
THE COURT: Are you satisfied with Mr. Seay's representation of you so far?
DEFENDANT KELLY: Yes, I am."

See Aug. 16, 1999 Transcript at 100:14-25, 101:1-12.

<u>See</u> Post-Remand Superior Court Opinion at 7 n.5.  The Superior Court concluded counsel "had

a reasonable basis for deciding against presenting Reverend Becoat's testimony."  <u>See id.</u> at 7.

    Even though a detective had already testified Kelly lived close to the scene of the crime,

trial counsel's strategy was not unreasonable where it was unclear whether Reverend Beacoat

could testify Kelly was with him and where the defense was the presence of reasonable doubt.

Thus, the state court determination trial counsel was not ineffective for failing to call the alibi

witnesses was not an unreasonable application of federal law because the trial strategy was not

objectively unreasonable.  <u>See</u> <u>Williams</u>, 529 U.S. at 407; <u>Rolan</u>, 445 F.3d at 681-82 (habeas

court will not second guess trial counsel's strategic choices).

    Although the Superior Court failed to mention Joan Arrington, Kelly's common law

wife,[10] this claim is also meritless.  The state court found trial counsel's decision not to present

an alibi defense was a reasonable strategy.  <u>See</u> Post-Remand Court Common Pleas Opinion at 7.

Therefore, it also was reasonable not to call Joan Arrington as alibi witness.[11]

---

    [10]  It appears Kelly did not raise counsel ineffectiveness for failing to call Wanda
Arrington in state court.  <u>See</u> Post-Remand Brief (claiming ineffectiveness for failing to call alibi
and eye witnesses, discussing Wanda and Joan Arrington, but arguing counsel should have called
Reverend Beacoat); Pre-Remand Appeal at ¶ 1b (claiming counsel failed to call the witnesses,
referencing affidavits from Reverend Beacoat and Joan Arrington); Post-Sentence Motions at ¶
5b (claiming counsel failed to subpoena alibi witnesses).  The Superior Court failed to mention
Wanda and Joan Arrington, and the trial court mentioned only Reverend Beacoat and Joan
Arrington.  Regardless, the claim is meritless.

    [11]  Although trial counsel testified he would have presented the alibi witnesses if he had
specific information of Joan and Wanda Arrington's corroborative testimony, <u>See</u> Dec.7, 1999
Evidentiary Hearing Transcript at 31:16-20, the court credited trial counsel's testimony, which
stated he did not know of the testimony, <u>id.</u> at 37:4-7, 36:21:22, and found counsel's decision not
to raise an alibi defense was reasonable, <u>see</u> Post-Remand Superior Court Opinion at 7.

2.    <u>Eye Witnesses</u>

Kelly raised trial counsel ineffectiveness for failing to investigate and call eye witnesses Denise Holsey Miller and Lex Traylor in state court.  <u>See</u> Post-Sentence Motion at ¶ 4; Statement of Matter Complained of on Appeal Pursuant to Pa. R.A.P. 1925(b) at ¶ 3.

As with the alibi witnesses, the trial court found the claim meritless because at trial Kelly stated he did not want his counsel to call witnesses.  <u>See</u> Post-Remand Court Common Pleas Opinion at 2-3.  The trial court's decision was made after an evidentiary hearing, in which it heard conflicting testimony from trial counsel, the investigator, various witnesses, and Kelly.  <u>See</u> <u>Campbell v. Vaughn</u>, 209 F.3d 280, 288 (3d Cir. 2000) (noting the state court implicitly discredited the petitioner's testimony); <u>LaVellee v. Delle Rose</u>, 410 U.S. 690, 692 (1973) (state court did not make credibility findings, but finding "it can scarcely be doubted from its written opinion that respondent's factual contentions were resolved against him").  Thus, the trial court's factual findings merit deference here absent clear and convincing evidence to the contrary.  <u>See</u> § 2254 (e)(1).

The Superior Court noted trial counsel testified he did not know of Traylor and Holsey Miller, and counsel cannot be found ineffective for failing call witnesses he did not know existed.  <u>See</u> Post-Remand Superior Court Opinion at 6 (citing <u>Commonwealth v. Woods</u>, 710 A.2d 626, 629 (Pa. Super. 1998)).  The state court determination that counsel cannot be ineffective for failing to call witness of whom he did not know was not contrary to, nor an unreasonable, application of, federal law.  <u>See</u> <u>Williams</u>, 529 U.S. at 407; <u>Commonwealth v. Lopez</u>, 739 A.2d at 496 (to be found ineffective for failing to call a witness, the lawyer must be know of the witness).

29

Kelly, nevertheless, alleges the state court incorrectly found trial counsel did not know

Traylor and Holsey Miller existed.  See Kelly's Memorandum at ¶ 87.  The state court credited

trial counsel's testimony he did not know of their existence.  See Post-Remand Court Common

Pleas Opinion at 2-3; Post-Remand Superior Court Opinion at 6; Campbell, 209 F.3d at 288

(noting the state court implicitly discredited the petitioner's testimony).  Absent clear and

convincing evidence, I am bound by that factual determination.  See 28 U.S.C. § 2254(e).  To

satisfy the clear and convincing standard, a petitioner must show evidence so "clear, direct,

weighty and convincing as to enable the jury to come to a clear conviction, without hesitancy, of

the truth of the precise facts in issue."[12]  See Porter v. Horn, 276 F. Supp. 2d 278, 296 n.10 (E.D.

Pa. 2003) (Kelly, J.) (quoting Attica, 2001 WL 827455, at *3).

Traylor's name and statement were transmitted to trial counsel during discovery, see

Post-Remand Brief at Ex. B, Prosecutor's Response to Defendant's Discovery Request, and

Holsey Miller was listed as a possible witness during voir dire, see August 9, 1996 Voir Dire

Transcript at 14:18, Commonwealth v. Kelly, No. 1162 (Pa. Ct. Com. Pl. Phila. Aug. 9, 1996;

August 12, 1996 Voir Dire Transcript at 16:9, Commonwealth v. Kelly, No. 1162 (Pa. Ct. Com.

---

[12]  In addition, habeas relief would be available only if the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial."  28 U.S.C. § 2254(d)(2).  As Judge Strawbridge noted, even if Kelly prevailed under § 2254(e)(1), § 2254(d)(2) permits relief only if, in light of the state court's unrebutted factual determinations, its adjudication of the claim was unreasonable.  Sterling v. Tennis, 2006 WL 1409719, at *4 (E.D. Pa. May 18, 2006) (citing Lambert, 387 F.3d at 235, 236 n.19).  Section 2254(d)(2), restricts review of "the state court's factual determination to the evidence . . . presented to the state court."  Sterling, 2006 WL 1409719, at *4 (citing Lambert, 387 F.3d at 235).  Additionally, a factual determination should be adjudged "unreasonable under 2254(d)(2) only if [I find] a rational jurist could not reach the same finding on the basis of the evidence in the record."  § 2254(d)(2); see Porter, 276 F. Supp. 2d at 296 (§ 2254(d)(2) requires federal habeas courts to objectively examine state court decisions for their reasonableness similar to the unreasonable application of law clause in § 2254(d)(1)).

Pl. Phila. Aug. 12, 1996).  These facts cast serious doubt on trial counsel's testimony, and were not addressed by either the trial court or the Superior Court.

Nevertheless, even if this evidence constitutes clear and convincing evidence sufficient to rebut the presumption of correctness, Kelly's ineffectiveness claim fails even under a de novo review.  Kelly cannot establish he was prejudiced by counsel's failure to call Traylor and Holsey Miller.  Traylor did not see the shooting.  The statement Traylor gave to the police the night of the shooting noted he saw two black males enter a car at the end of the alley.  See Evidentiary Hearing Transcript at Ex. C-2, Investigation Interview Record for Lex Traylor.  Traylor stated the person he saw running "had on a beige jacket . . . with a hood, [he] couldn't tell much else . . . because he was almost at the other end of the alley," and "the one in the alley was a male and they were both black."  Id.  This was the only information trial counsel had in his possession before trial, and it failed to exculpate Kelly.[13]

At the evidentiary hearing, however, Traylor offered a new version.  He claimed the man he had seen running down the alley was darker, shorter, and smaller than Kelly, but he was unable to see the person's face.  See Transcript of Evidentiary Hearing at 43:1-24, Commonwealth v. Kelly, No. 1162 (Ct. Com. Pl. Phila. Dec. 6, 1999) [hereinafter Dec. 6, 1999 Evidentiary Hearing].  Traylor testified the other person "was a distance away" but was darker than Kelly and Traylor "assumed" he was shorter than Kelly.  Id. at 44:4-13.

---

[13]  The trial court credited trial counsel's testimony he did not receive the investigator's interview notes.  Even if he did, the notes of the interview with Traylor merely state he saw a 5'6" tall male of medium build in a grey hoodie run from the scene.  He ran to a car parked at the end of an alley where he met with another black male of about the same height and build, wearing a white jacket.  See Evidentiary Hearing Transcript at Ex. D-2.

Traylor also submitted a post-trial affidavit.  Even if Traylor testified consistent with his post-trial affidavit, the statement most helpful to Kelly, he would have testified that after the shooting, he went to his door and saw a man run away from the scene, the man met up with another man at the end of the alley and enter a car.  See Affidavit of Lex Traylor.  Both men were around five feet six inches tall with medium builds and neither was Kelly.  Id.  The testimony in the affidavit was inconsistent with Traylor's police statement made when events were fresh in his mind, and his testimony would have been subject to further impeachment because of the distance and lighting conditions in the alley.  See Dec. 6, 1999 Evidentiary Hearing at 52:1-7.

Similarly, Holsey Miller did not see the shooting.  Although Holsey Miller's testimony arguably would have been inconsistent with Williams' testimony at trial, Kelly has not shown he was prejudiced by counsel's failure to present such testimony.  Holsey Miller testified she saw three strange men fifteen minutes prior to the shooting, and did not see anyone when she looked outside following the gunshots.  Dec. 6, 1999 Evidentiary Hearing at 69:10-16.  She failed to mention the three men to a police officer when questioned at the scene.  Id. at 65:15-17.  After she learned Kelly had been arrested for this murder, she did not inform the authorities that Kelly was not on the street fifteen minutes before the shooting.  Id. at 69:14-25, 70:1-18, 71:1-8.  Moreover, she testified that, although she spoke with the investigator, she did not recall all statements contained in the statement, did not review it after it was written, and had not seen it prior to her testimony at the evidentiary hearing.  See Dec. 6, 1999 Evidentiary Transcript at 67-68.

Moreover, Miller's various versions of the evening's events are inconsistent.  In her post-trial affidavit, she stated she went outside, saw three strange men, and saw Williams talking to

one of the men, who was on the steps.  See Evidentiary Hearing at Ex. C-1 [hereinafter Holsey Affidavit].  At the evidentiary hearing, she testified she saw three strange men on the night of the shooting, neither of whom was Kelly, and saw Williams speak with one of the men.  See Dec. 6, 1999 Transcript at 59-60.  In her pre-trial statement to the investigator, however, she said she saw a person sitting on the steps, as well as other people on the street, but did not mention Williams' conversation with the man on the steps.  See Evidentiary Hearing Transcript at Ex. D-1.  Rather, she stated her nephew told her Williams had gone around the corner.  Id.  In addition, in her statement to the investigator, she said her nephew went to the store and returned home after she had already returned, id.; and in her post-trial affidavit, however, she said her nephew returned home with her, see Holsey Affidavit.

Therefore, at the time of trial, her testimony would have been that fifteen minutes prior to the shooting, she saw three men, neither of whom was Kelly.  She did not see the shooting and did not see the individuals run from the scene.   Although Holsey Miller testified she spoke with Williams the day following the shooting, and Williams stated she did not know the men responsible, see Dec. 6, 199 Transcript at 62; Holsey Affidavit, at trial Williams explained she did not come forward with descriptions of the shooters because she was afraid, see Aug. 14, 1996 Transcript at 92:14-25.

Kelly's conviction was based on the testimony of two witnesses, one witnessed the shooting and one saw Kelly run from the scene.  The testimony of Traylor and Holsey Miller does not establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  See Strickland, 466 U.S. at 694.  Such testimony does not "undermine the confidence in the outcome."  See id.  Compare Rolan, 445

F.3d at 683 (testimony provided at the habeas hearing "would have bolstered [petitioner's] defense and undermined the prosecution's claims of a pre-meditated murder during a robbery). Accordingly, Kelly cannot establish prejudice, as required by <u>Strickland</u>.

      C.    <u>Ineffectiveness claims not properly layered</u>

Kelly raised the following trial counsel ineffectiveness claims on PCRA and PCRA appeal: (1) failure to secure and call character witnesses (ground 2); (2) failure to raise trial counsel's ineffectiveness for failing to secure and call character witnesses (ground 8, in part); (3) failure to move in limine to preclude witness-pressuring evidence (ground 3); and (4) failure to raise trial counsel's ineffectiveness for failing to move in limine to preclude witness tampering evidence (ground 8, in part). The Superior Court found Kelly's claims waived because he failed to properly layer them, which the Government argues is an independent and adequate state procedural rule barring habeas review.

Federal habeas courts may not address a procedurally defaulted claim if "the state court opinion includes a plain statement indicating that the judgment rests on a state law ground that is both 'independent' of the merits of the federal claim and an 'adequate' support for the courts decision." <u>Campbell v. Burris</u>, 515 F.3d 172, 176 (3d Cir. 2008) (citing <u>Coleman</u>, 501 U.S. at 729). A state rule is independent and adequate if "the 'rule speaks in unmistakable terms[,] all state appellate courts refuse to review the petitioner's claim on the merits[, and] the state courts' refusal [was] consistent with other decisions,' that is, the procedural rule was 'consistently and regularly applied.'" <u>Campbell</u>, 515 F.3d at 176 (quoting <u>Doctor v. Walters</u>, 96 F.3d 675, 683-84 (3d Cir. 1996).

A rule is independent where "the state law alone provides everything necessary to support the court's judgment." Campbell, 515 F.3d at 177.  A state procedural rule is adequate and bars federal habeas review "only if it is 'firmly established and regularly followed' by the state courts at the time of the petitioner's trial." Campbell, 515 F.3d at 179 (citing Ford v. Georgia, 498 U.S. 411, 424 (1991)).  The rule ensures "state courts do not insulate disfavored claims from federal review, and . . . that federal habeas review is not barred unless the petitioners have fair notice of the steps they must take to avoid default.'" Campbell, 515 F.3d at 179 (citing Bronshtein v. Horn, 404 F.3d 700, 707-08 (3d Cir. 2005)). "[O]ccasional act[s] of grace by a state court" or "a willingness in a few cases to overlook the rule and address the claim on the merits" does not render a rule inadequate." Campbell, 515 F.3d at 179-80 (quoting Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997)).  Rather, "[a] rule can be adequate if the state supreme court faithfully applies it in 'the vast majority' of cases." Campbell, 515 F.3d at 180 (quoting Dugger, 489 U.S. at 410 n.6)).

Prior to 2002, if a petitioner first claimed ineffectiveness of trial counsel on PCRA appeal, the petitioner had to assert a "layered ineffectiveness claim."[14]  To preserve an ineffectiveness claim, a petitioner must have pled appellate counsel ineffectiveness for failing to raise all prior counsel's ineffectiveness.  Commonwealth v. Lopez, 854 A.2d 465, 468 (Pa. 2004).

---

[14]  Trial counsel ineffectiveness claims were deemed waived on PCRA if petitioner had not raised the claim during post-trial or direct appellate proceedings.  Commonwealth v. Rainey, 928 A.2d 215, 225 (Pa. 2007).  In Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002), the Court found trial counsel ineffectiveness claims raised for the first time on PCRA will no longer be deemed waived.  Grant, however, does not apply where, as here, petitioner's direct appeal concluded prior to Grant.  Rainey, 928 A.2d at 225.

Although prior to September 2003 confusion existed as to how to properly present a layered ineffectiveness claim, see Commonwealth v. McGill, 832 A.2d 1014, 1022 (Pa. 2003); Holiday v. Varner, 176 Fed. Appx. 284, 287 (3d Cir. 2006) (not convinced a clearly established procedural rule for pleading a layered ineffectiveness claim existed in 2001, when petitioner filed PCRA petition), McGill resolved the issue.[15]  In McGill, the court explained that to properly raise and prevail on a layered ineffectiveness claim, a petitioner must plead appellate counsel ineffectiveness for failing to allege trial counsel ineffectiveness and "present argument on, i.e., develop, each prong of the [ineffectiveness] test as to [appellate counsel's] representation."  See id.  The McGill court noted because of the earlier confusion, "remand to the PCRA court may be appropriate for cases currently pending in the appellate courts."  McGill, 832 A.2d at 1024; accord Commonwealth v. Jones, 912 A.2d 268, 245 (Pa. 2006).  The court, therefore, "exempted from McGill's rigid presentation requirements those cases pleaded and filed prior to the McGill decision."  Commonwealth v. Dennis, 950 A.2d 945, 955 (Pa. 2008).  Remand is not appropriate if the underlying trial counsel ineffectiveness claim lacks merit.  See McGill, 832 A.2d at 1022.

It appears the state court does not regularly apply this rule to appeals filed after McGill. See Commonwealth v. Tedford, 960 A.2d 1, 11, 13 (Pa. 2008) (noting, where PCRA court opinion not filed until July, 16, 2004, "a PCRA petitioner who fails to properly layer his claims of ineffectiveness . . . should not have his petition dismissed on that ground without first being provided the opportunity to amend his pleading"); Commonwealth v. Carson, 913 A.2d 220, 233 (Pa. 2006) ("it is necessary that a PCRA petitioner have the ability to amend his petition in order to properly plead, and attempt to prove, layered claims where dismissal of the petition is

---

[15]  Although Kelly's PCRA petition was filed 2001, see PCRA Petition; Supplement to PCRA Petition, his PCRA appeal was filed in 2004, after McGill, see PCRA Appeal.

imminent on grounds that such claims were not adequately pled"); Commonwealth v. Jones, 876 A.2d 380, 385 (Pa. 2005) (remand may be necessary to allow petitioner an opportunity to correct pleading and presentation errors); Superior Court Dissent at 1-2 (Kelly's ineffectiveness claims are not waived). Therefore, it is unclear whether the requirement that a petitioner must layer ineffectiveness claims is an independent and adequate state law ground precluding habeas review. See Campbell, 515 F.3d at 179 (state procedural rule is adequate only if state courts regularly follow the rule); but see Pitts v. Folino, 2007 WL 2071903, at *5 (E.D. Pa. July 12, 2007) (Dalzell, J.) (procedural default for failure to properly layer ineffectiveness claims "clearly rests on an independent and adequate state law ground").

Because the claims are meritless, however, I need not determine whether waiver of ineffectiveness claims not properly layered constitutes an independent and adequate state law ground. See Medina v. Diguglielmo, 373 F. Supp. 2d 526, 552-53 (E.D. Pa. 2005) (Brody, J.) (declining to determine whether Pennsylvania's layering requirement was an independent and adequate state procedural rule because the underlying claim was meritless).

1.    Counsel was not ineffective for failing to motion to preclude evidence of witness pressuring

Kelly claimed trial counsel ineffectiveness for failing to move to preclude evidence of witness pressuring and appellate counsel ineffectiveness for failing to raise trial counsel ineffectiveness for counsel's failure to move to preclude such evidence. On PCRA, the trial court found Kelly's trial and appellate counsel ineffectiveness claims for failing to file a motion to preclude witness tampering evidence were meritless because the underlying claim lacked merit. See PCRA Opinion at 2-3. The court reasoned the testimony merely showed "Ms. Williams was taken to an attorney's office for the purpose of giving a statement favorable to the

37

defendant." Id. at 3.  No one threatened her or suggested she testify in a specific manner.  Id.
The court found the defendant failed to prove the claim had arguable merit because it could not
conclude the jury could have drawn an inference adverse to the defendant from the testimony.  Id.
The court also found Kelly failed to prove the introduction of the evidence prejudiced him.  Id.
The court noted the Superior Court found the evidence sufficient to support a conviction without
referencing the complained of testimony and, therefore, Kelly failed to establish the evidence's
introduction resulted in the conviction of an innocent individual.  Id.  The court found post-
sentence counsel could not be ineffective for failing to raise this claim because the underlying
claim lacked merit.  PCRA Opinion at 3.

Absent  "extraordinary and compelling circumstances," a habeas court should follow the
state court's determination of state law.  See Johnson v. Rosemeyer, 117 F.3d 104, 115 (3d Cir.
1997).  The state court found, under state law, the testimony was not evidence of witness
tampering and did not adversely affect Kelly.[16]  Kelly failed to present "extraordinary and
compelling circumstances" and, therefore, I am bound by the state court's determination.
Accordingly, because the underlying state law claim is meritless, counsel cannot be ineffective
for failing to raise the issue.  See Buehl, 166 F.3d at 174 (appellate counsel not ineffective for
failing to raise meritless claim of trial counsel ineffectiveness); Berberena, 2007 WL 1856877, at
*1 (counsel cannot be ineffective for failing to raise a meritless claim).

---

[16]   In Pennsylvania "threats by third persons against . . . witnesses are not relevant [and
thus not admissible into evidence] unless . . . the defendant is linked in some way to the making
of the threats." Commonwealth v. Bryant, 462 A.2d 785, 788 (Pa. 1983) (quoting
Commonwealth v. Carr, 259 A.2d 165, 167 (Pa. 1969)).  An exception to this rule exists where
the evidence is offered to explain a prior inconsistent statement, not to prove the accused's guilt.
Id.  Such evidence rules are state law issues.  See Wilson v. Vaughn, 533 F.3d 208, 214 (3d Cir.
2008)

2.      Counsel was not ineffective for failing to secure and call character witnesses

Kelly also claims trial and appellate counsel ineffectiveness for failing to secure and call character witnesses.  On PCRA, the trial court found the underlying issue, failure to present character witnesses, was meritless.  See PCRA Opinion at 4.  The court reasoned the defendant's prior robbery and retail theft convictions could have been used to impeach the credibility of the character witnesses.  Id.  The court noted a recent change in Pennsylvania law, but found the case was decided after Kelly's trial and found counsel cannot be deemed ineffective for failing to predict a change in the law.  Id. at 5 (citing Commonwealth v. Tilley, 780 A.2d 649 (Pa. 2001)).  Therefore, because trial counsel cannot be ineffective for failing to raise a meritless claim, appellate counsel cannot be ineffective for failing to raise trial counsel ineffectiveness.  Id.

The state court's determination of state law is binding, see Johnson, 117 F.3d at 115, i.e., the character witness's credibility could have been impeached with the defendant's robbery and retail theft convictions, see PCRA Opinion at 4-5.  Accordingly, it was not contrary to, or an unreasonable application of federal law to find counsel was not ineffective for failing to raise the meritless claim.  See Buehl, 166 F.3d at 174 (appellate counsel not ineffective for failing to raise meritless claim of trial counsel ineffectiveness); Berberena, 2007 WL 1856877, at *1 (counsel cannot be ineffective for failing to raise a meritless claim).

D.    Kelly's counsel ineffectiveness claim for failing to object to in-court identification is meritless

On his PCRA appeal, Kelly alleged PCRA counsel ineffectiveness[17] for failing to allege appellate counsel ineffectiveness for failing to allege trial counsel ineffectiveness for failing to object to the in-court identification.  See PCRA Appeal at 5.  To the extent he raised ground 17, trial counsel ineffectiveness for failing to object to the in-court identification, in state court through his PCRA counsel ineffectiveness claim, the claim is meritless.[18]

The Superior Court did not address this claim, finding Kelly waived it when he did not raise it in his PCRA petition, and when he failed to layer the claims.  As discussed above, failure to properly layer ineffectiveness claims likely is not an independent and adequate state procedural rule.  See supra Part C.  In addition, because PCRA appeal would be the first

_____

[17]    Although Kelly does not have a federal constitutional right to counsel for state collateral proceedings, see Finley, 481 U.S. at 555, he has a right to counsel in state collateral proceedings under Pennsylvania law, see Pa. R. Crim. P. R. 904(C); Commonwealth v. Albrecht, 720 A.2d 693, 699 (Pa. 1998).

[18]    The circuits are split on whether a petitioner who exhausted an ineffectiveness claim in state court also exhausted the claim underlying the ineffectiveness claim.  Compare, e.g., Odem v. Hopkins, 192 F.3d 772, 775-76 (8th Cir. 1999) (underlying Brady claim exhausted where petitioner argued in state court counsel ineffectiveness for failing to "conduct any substantial investigation . . ., make pretrial discovery requests and to request exculpatory evidence . . . ."), with Wilder v. Cockrell, 274 F.3d 255, 260-62 (5th Cir. 1999) (underlying claim unexhausted because the claim differed legally, logically, and mechanically from the ineffectiveness claim and the only cite to federal law was to add another basis counsel could have requested admission of statements).  The Third Circuit has not decided the issue, but has suggested exhausting an ineffectiveness claim in state court does not exhaust the underlying claim.  Willis v. Vaughn, 48 Fed. Appx. 402, 406 (3d Cir. 2002) (non-precedential) (underlying claim unexhausted because state court not on notice of the claim); see Gattis v. Snyder, 278 F.3d 222, 237 n.6 (3d Cir. 2002); Senk v. Zimmerman, 886 F.2d 661, 614, 614 n.5 (3d Cir. 1989); Dooley v. Petsock, 816 F.2d 885, 889 n.3 (3d Cir. 1987); but see Veal v. Myers, 326 F. Supp. 2d 612, 622 (E.D. Pa. 2004) (Brody, J.) (distinguishing the Third Circuit cases and finding underlying claim exhausted where state court discussed the merits of the underlying claim); Harper v. Kyler, 2005 WL 590617, at *10 (E.D. Pa. Apr. 22, 2005) (Surrick, J.) (same).

opportunity to raise PCRA counsel ineffectiveness, it is unclear whether a petitioner waives a

PCRA counsel ineffectiveness claim by failing to raise it in the PCRA petition.  See

Commonwealth v. Jones, 815 A.2d 598, 610 (Pa. 2002) (discussing the tension between allowing

review of PCRA counsel ineffectiveness on appeal and the strict time and serial petition

restrictions); Commonwealth v. Hall, 872 A.2d, 1177, 1191 (Pa. 2005) (concurring, Castelle, J.)

(noting question of whether PCRA counsel ineffectiveness claims raised for the first time on

appeal are subject to the PCRA restrictions remains open).  Compare Commonwealth v. Hall,

872 A.2d 1177, 1182-83 (Pa. 2005) (noting claims would be reviewable to the extent they raise

PCRA counsel ineffectiveness but finding petitioner did not properly develop the claim),

Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998) (reviewing PCRA counsel

ineffectiveness claim), and Commonwealth v. Perry, 959 A.2d 932, 936-37 (Pa. Super. Ct. 2008)

(addressing PCRA counsel ineffectiveness claim), with Commonwealth v. Hojnowski, 2008 WL

4491529 (Pa. Com. Pl. Aug. 25, 2008) (PCRA counsel ineffectiveness claims waived because

not raised in the initial PCRA petition).

        I need not resolve this issue because the underlying claim is meritless.  See Jones, 815

A.2d at 610 (not determining whether PCRA counsel ineffectiveness claims must be raised on

PCRA appeal or in a new PCRA petition because the claim was meritless).  The claim underlying

Kelly's counsel ineffectiveness claim, i.e., Baxter should not have been permitted to identify

Kelly at trial, is meritless.  A witness' inability to identify someone in a photograph array affects

the weight and credibility of the in-court identification, not its admissibility.  Commonwealth v.

Washington, 927 A.2d 586, 602 (Pa. 2007) (failure to identify someone in line-up affects only

the weight and credibility of the identification); accord Commonwealth v. Davis, 351 A.2d 642,

648 (1976).  Therefore, Kelly's counsel ineffectiveness claim is meritless because counsel cannot

be ineffective for failing to raise a meritless claim.  See Buehl, 166 F.3d at 174 (appellate counsel

not ineffective for failing to raise meritless claim of trial counsel ineffectiveness); Berberena,

2007 WL 1856877, at *1 (counsel cannot be ineffective for failing to raise a meritless claim).

IV.     Request for an Evidentiary Hearing

Kelly seeks an evidentiary hearing for his federal habeas petition.  See Petitioner's Reply

to Respondent's Response to Petition for Writ of Habeas Corpus at 10, Kelly v. Rozum, No. 08-

1073 (E.D. Pa. filed Sept. 8, 2008).   Kelly's request for an evidentiary hearing is denied.

An evidentiary hearing on federal habeas cannot be held where a petitioner developed the

claim's factual basis in state court.  Goldblum v. Klem, 510 F.3d 204, 220 (3d Cir. 2007).

Moreover, if the petitioner "has failed to develop the factual basis of a claim in [s]tate court

proceedings," section 2254(e)(2) limits the availability of an evidentiary hearing.[19]  See Thomas,

428 F.3d at 498 (quoting § 2254(e)(2)); Miller v. Klem, 2007 WL 2306582, *2 (E.D. Pa. Aug. 8,

2007) (McLaughlin, J.).  If a petitioner meets the limitations of section 2254(e)(2), a district court

has discretion to grant an evidentiary hearing.  Goldblum, 510 F.3d at 220-21.

Failing to develop a claim requires "a lack of diligence, or some greater fault, attributable

to the prisoner or the prisoner's counsel."  Williams, 529 U.S. at 432.  In the usual case, a

prisoner has not "failed to develop a claim if he requested an evidentiary hearing in state court

---

[19]     A federal court cannot hold an evidentiary hearing unless the applicant shows the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered, or the applicant shows the "facts underlying the claim would be sufficient to establish . . . that but for the constitutional error, no reasonable factfinder would have found the applicant guilty."  § 2254(e)(2).

42

and the state court declined to provide him a hearing." See Thomas v. Varner, 428 F.3d at 498;

Lark v. Beard, 2006 WL 1489977, at *4 (E.D. Pa. May 23, 2006) (Padova, J.).

However, even if the petitioner is not barred from obtaining an evidentiary hearing by §

2254(e)(2), it does not mean a hearing is required. See Campbell v. Vaughn, 209 F.3d 280, 287

(3d Cir. 2000). A federal court's decision to hold an evidentiary hearing should focus on whether

the hearing would be meaningful, i.e., it would have the potential to advance the petitioner's

claim or evidence outside the record would help petitioner's cause. Id. A petitioner bears the

burden of showing the hearing would be meaningful. Id. An evidentiary hearing, however, "is

not required on issues that can be resolved by reference to the state record." Id. at 221 (quoting

Schiriro v. Landrigan, 127 S.Ct. 1933, 1940 (U.S. 2007)).

Most of Kelly's claims are not reviewable on federal habeas because the claims are

procedurally defaulted or non-cognizable. An evidentiary hearing would not advance these

claims because I do not have jurisdiction to review the claims.

Because the state court held an evidentiary hearing on Kelly's ineffective assistance of

counsel for failing to call eye witnesses and alibi witnesses in state court and Kelly developed the

factual record on this claim in state court, I cannot hold an evidentiary hearing on this claim. See

Goldblum, 510 F.3d at 220-21.

Kelly requested an evidentiary hearing for his counsel ineffectiveness claims for failing to

secure and call character witnesses and trial and appellate counsel ineffectiveness for failing to

move in limine to preclude witness-pressuring evidence, see Memorandum of Law in Support of

Petition for Post Conviction Relief Pursuant to 42 Pa.C.S.A. § 9543, Commonwealth v. Kelly,

No. 1162-1995 (Ct. Com. Pl. Phila. filed Sept. 26, 2001), and requested remand to the PCRA

court for an evidentiary hearing on these claims and his PCRA counsel ineffectiveness claim for

failing to raise prior counsel ineffectiveness for failing to object to Baxter's in-court

identification, see Superior Court PCRA Opinion.  The PCRA court did not hold an evidentiary

hearing and the Superior Court denied Kelly's request for remand for an evidentiary hearing.  See

Superior Court PCRA Opinion at 1.  Thus, because he requested an evidentiary hearing in state

court, it appears Kelly is not barred from having an evidentiary hearing by § 2254(e)(2) on these

claims.  See Thomas v. Varner, 428 F.3d at 498.

Kelly, however, has not explained how an evidentiary hearing would advance his claims.

As discussed above, the state court's decision Kelly's counsel was not ineffective because the

underlying claims counsel failed to raise lacked merit was not objectively unreasonable.  See

Williams, 529 U.S. at 409; Woodford, 537 U.S. at 25.  Thus, an evidentiary hearing to determine

whether his counsel's performance was deficient would be meaningless because Kelly cannot

satisfy the prejudice prong of Strickland.  See United States v. Holloway, 187 Fed. Appx. 198,

204 (3d Cir. 2006) (petitioner failed to establish prejudice where underlying claim was

meritless); Ricks v. Pa. Bd. of Probation and Parole, 2009 WL 101699, at *10 (E.D. Pa. Jan. 14,

2009) (Tucker, J.) (same).

Accordingly, I make the following recommendation.

<u>RECOMMENDATION</u>

AND NOW, this __th day of February, 2009, it is respectfully recommended Kelly's claims be DENIED with prejudice.  It is further recommended that there is no probable cause to issue a certificate of appealability.[20]  The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.  <u>See</u> <u>Leyva v. Williams</u>, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:


 \s\ TIMOTHY R. RICE_____
TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

---

[20]   Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Therefore, no certificate of appealability should be granted.  <u>See</u> <u>id.</u>

45